```
09565602062020                    Erie County Prothonotary                  Page    1
PYSPRT                       Civil Case Detail Report                   2/06/2020
```

Case No.......... 2019-12019  THE LUTHERAN HOME FOR THE** (vs) FOREST RIVER, INC.

```
Reference No......                              Filed.......... 7/29/2019
Case Type......... CONTRACT - OTHER             Time...........       9:47
Judgment..........            $.00              Execution Date. 0/00/0000
Judge Assigned.... DOMITROVICH STEPHANIE, JUDGE Jury Trial.....
Disposed Desc.....                              Disposed Date.. 0/00/0000
----------- Case Comments -----------           Higher Crt 1...
                                                Higher Crt 2...
```

```
*********************************************************************************
                          ++ GENERAL INDEX ++
```

| Indexed Party | | Attorney Info |
|---|---|---|
| LUTHERAN HOME FOR THE AGED | PLAINTIFF | MUSONE MICHAEL, ESQ.<br>KNOX MCLAUGHLIN<br>120 WEST 10TH ST<br>ERIE, PA  16501 |
| VILLAGE AT LUTHER SQUARE | PLAINTIFF | MUSONE MICHAEL, ESQ.<br>KNOX MCLAUGHLIN<br>120 WEST 10TH ST<br>ERIE, PA  16501 |
| LIFE-NORTHWESTERN PENNSYLVANIA | PLAINTIFF | MUSONE MICHAEL, ESQ.<br>KNOX MCLAUGHLIN<br>120 WEST 10TH ST<br>ERIE, PA  16501 |
| FOREST RIVER INC<br>ELKHART, IN 46516 | DEFENDANT | BRENNAN JULIE A, ESQ<br>1500 ONE GATEWAY CENTER<br>420 FORT DUQUESNE BLVD<br>PITTSBURGH, PA  15222<br>SMITH TIMOTHY, ESQ.<br>1500 ONE GATEWAY CENTER<br>420 FORT DUQUESNE BLVD<br>PITTSBURGH, PA  15222 |

**EXHIBIT**

**A**

tabbies

```
*********************************************************************************
                          ++ DOCKET ENTRIES ++
```

| Date | Entry Text |
|---|---|
| | - - - - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - - - - - |
| 7/29/2019 | CAPTION: THE LUTHERAN HOME FOR THE AGED D/B/A THE VILLAGE AT LUTHER SWAURE D/B/A LIFE-NORTHWESTERN PENNSYLVANIA VS FOREST RIVER INC |
| A1  7/29/2019 | CIVIL COVER SHEET FILED.<br>                    1 Image page(s) exists for this entry |
| A2  7/29/2019 | PRAECIPE FOR WRIT OF SUMMONS F/JEFFREY J COLE ESQ.<br>                    1 Image page(s) exists for this entry |
| A3  7/30/2019 | WRIT OF SUMMONS FORWARDED TO ATTORNEY.<br>                    1 Image page(s) exists for this entry |
| A4  8/07/2019 | RETURN OF SERVICE OF THE WRIT OF SUMMONS UPON DEFT, FOREST RIVER, INC., AT 401 COUNTY ROAD 15, ELKHART, IN 46516 BY PRIORITY U.S. MAIL, CERTIFIED MAIL, RETURN RECEIPT REQUESTED ON 7/30/19. F/JEFFREY J COLE, ESQ., W/EXHIBIT A AND CERT OF SERVICE<br>                    3 Image page(s) exists for this entry |
| A5  8/23/2019 | PRAECIPE TO REISSUE WRIT OF SUMMONS F/JEFFREY J. COLE, ESQ<br>                    1 Image page(s) exists for this entry |
| 8/26/2019 | WRIT OF SUMMONS REISSUED (ONE FORWARDED TO THE SHERIFF AND FIVE HANDED TO ATTY COLE) |
| A6  9/09/2019 | PRAECIPE FOR RULE TO FILE COMPLAINT F/JULIE A. BRENNAN, ESQ W/CERT OF SERVICE<br>                    5 Image page(s) exists for this entry |
| A7  9/10/2019 | RULE TO FILE COMPLAINT MAILED TO ATTY JULIE BRENNAN |
| A8  9/13/2019 | REVISED RETURN OF SERVICE OF RE-ISSUED WRITS OF SUMMONS UPON DEFT, FOREST RIVER, INC., C/O PETER LIEGL, PRESIDENT AND FOREST RIVER INC. C/O JOSEPH GREENLEE, REGISTERED AGENT BY TWO SEPARATE ARTICLES |

```
09565602062020                    Erie County Prothonotary                Page    2
   PYSPRT                         Civil Case Detail Report                 2/06/2020
```

Case No.......... 2019-12019  THE LUTHERAN HOME FOR THE** (vs) FOREST RIVER, INC.

```
Reference No......                                 Filed..........   7/29/2019
Case Type......... CONTRACT - OTHER                Time...........        9:47
Judgment..........            $.00                 Execution Date.   0/00/0000
Judge Assigned.... DOMITROVICH STEPHANIE, JUDGE    Jury Trial.....
Disposed Desc.....                                 Disposed Date..   0/00/0000
----------- Case Comments -----------              Higher Crt 1...
                                                   Higher Crt 2...
```

            OF UNITED STATES CERTIFIED MAIL, RETURN RECEIPT REQUESTED, POSTAGE
            PREPAID ON 8/28/19 AND DELIVERY WAS MADE ON 9/4/19. F/JEFFREY J
            COLE, ESQ., W/EXHIBIT 1 & 2 AND CERT OF SERVICE
                            5 Image page(s) exists for this entry
            ------------------------------------------------------------------
A9  9/16/2019  PRAECIPE FOR SUBSTITUTION OF APPEARANCE OF MICHAEL J. MUSONE, ESQ
            FOR JEFFREY J. COLE, ESQ ON BEHALF OF PLTFS F/MICHAEL J. MUSONE,
            ESQ W/CERT OF SERVICE
                            2 Image page(s) exists for this entry
            ------------------------------------------------------------------
    9/19/2019  SHERIFF'S FILE RETURNED TO PROTHONOTARY'S OFFICE, FILED.
            CASE TYPE.: WRIT OF SUMMONS     RET TYPE: REGULAR
            LITIGANT..: FOREST RIVER, INC.
            ADDRESS...: 2595 INTERSTATE DR, SUITE 103
            CTY/ST/ZIP: HARRISBURG, PA 17110
            HND TO....: DAVID BULAKOWSKI, SERVICE ASSOCIATE/AIC
            SHF/DPTY..: NICHOLAS CHIMIENTI, JR - DAUPHIN CO
            DATE/TIME.: 9/4/19 @ 1100
                            3 Image page(s) exists for this entry
            ------------------------------------------------------------------
A10 9/19/2019  SHERIFF'S RETURN: NOW, JOHN LOOMIS SHERIFF OF ERIE COUNTY, PA DO
            HEREBY DEPUTIZE THE SHERIFF OF DAUPHIN COUNTY TO EXECUTE THIS WRIT
            AND MAKE RETURN THEREOF ACCORDING TO LAW. THIS DEPUTATION BEING
            MADE AT THE REQUEST AND RISK OF THE PLAINTIFF. S/JOHN LOOMIS,
            SHERIFF.
                            3 Image page(s) exists for this entry
            ------------------------------------------------------------------
    9/19/2019  SHERIFF FEE(S) PD $ 47.25 - DAUPHIN CO
            SHERIFF FEE(S) PD $ 70.00 - ERIE CO
A11 11/01/2019  MOTION FOR STAY OBO PLTF F/MICHAEL J MUSONE W/CERT OF COMPLIANCE,
            CERT OF SERVICE, & ORDER DTD 10/31/19, UPON CONSIDERATION OF PLTFS
            MOTION TO STAY, SAID MOTION IS GRANTED AS FOLLOWS: 1.PLTF MUST FILE
            ITS MOTION TO COMPEL ON OR BEFORE 11/7/19; 2.UPON FILING OF THE MO-
            TION TO COMPEL, ALL OTHER ACTIVITIES IN THIS CASE ARE STAYED PENDI-
            NG RESOLUTION OF THE MOTION TO COMPEL; 3.FOLLOWING RESOLUTION OF
            THE MOTION TO COMPEL, PLTF SHALL HAVE 20 DAYS TO FILE ITS COMPLAINT
            & JUDGMENT OF NON-PROS WILL NOT BE ENTERED UNLESS DEFT RESENDS THE
            NOTICE REQUIRED UNDER PA RPC 237 FOLLOWING EXPIRATION OF THIS 20
            DAY PERIOD. S/DANIEL J BRABENDER, JUDGE
                            5 Image page(s) exists for this entry
            ------------------------------------------------------------------
A12 11/06/2019  REQUEST FOR CIVIL JUDGE ASSIGNMENT - JUDGE DOMITROVICH HAS BEEN
            ASSIGNED TO THIS CASE.
                            1 Image page(s) exists for this entry
            ------------------------------------------------------------------
A13 11/06/2019  MOTION TO COMPEL OBO PLTF F/MICHAEL J MUSONE ESQ W/EXHIBITS A-B,
            PROPOSED ORDER, CERT OF COMPLIANCE & CERT OF SERVICE
                            26 Image page(s) exists for this entry
            ------------------------------------------------------------------
A14 11/12/2019  NOTICE OF HEARING ORDER DTD 11/8/19, A HEARING/ARGUMENT ON THE
            MOTION TO COMPEL, FILED BY MMICHAEL J MUSONE, ESQ., FOR PLTF, THE
            LUTHERAN HOME FOR THE AGED D/B/A THE VILLAGE AT LUTHER SQUARE D/B/A
            LIFE-NORTHWESTERN PENNSYLVANIA, IS SCHEDULED FOR 11/22/19 AT
            2:30PM IN CTRM 222 - G, ERIE COUNTY COURT HOUSE, ERIE, PENNSYLVANIA
            COUNSEL MAY PARTICIPATE IN THE HEARING BY TELEPHONE. COUNSEL WILL
            ARRANGE FOR TELEPHONE COMMUNICATION THROUGH COURT CALL (SEE
            ATTACHED). S/STEPHANIE DOMITROVICH, JUDGE W/MEMORANDUM
            (NOTICE GIVEN)
                            3 Image page(s) exists for this entry
            ------------------------------------------------------------------
A15 11/22/2019  DEFTS RESPONSE IN OPPOSITION TO PLTFS MOTION TO COMPEL PRE-
            COMPLAINT DISCOVERY F/JULIE A BRENNAN ESQ W/CERT OF SERVICE
                            8 Image page(s) exists for this entry
            ------------------------------------------------------------------

```
09565602062020                    Erie County Prothonotary                  Page    3
    PYSPRT                        Civil Case Detail Report                   2/06/2020
```

Case No......... 2019-12019   THE LUTHERAN HOME FOR THE** (vs) FOREST RIVER, INC.

```
Reference No......                              Filed.......... 7/29/2019
Case Type........ CONTRACT - OTHER             Time........... 9:47
Judgment..........          $.00              Execution Date. 0/00/0000
Judge Assigned.... DOMITROVICH STEPHANIE, JUDGE Jury Trial.....
Disposed Desc.....                             Disposed Date.. 0/00/0000
----------- Case Comments -----------          Higher Crt 1...
                                               Higher Crt 2...
```

| Date | Entry |
|---|---|
| 11/25/2019 **A16** | ORDER DTD 11/22/19, UPON CONSIDERATION OF ALL RELEVANT RULES OF COURT, STATUTORY LAW AND CASE LAW, IT IS HEREBY ORDERED, ADJUDGED, & DECREED PLTF MOTION TO COMPEL IS GRANTED AND ALL OBJECTIONS TO PLTFS REQUESTS ARE OVERRULED. DEFTS COUNSEL HAS 20 DAYS FROM THE DATE OF THIS ORDER TO RESPOND TO PARAGRAPHS 9-11, 13, 15-17, 19, 21, 32, AND 33 OF PLTFS INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS. IF DEFTS COUNSEL FAILS TO RESPOND TIMELY TO SAID PARAGRAPHS, PLTFS COUNSEL MAY MAKE AN APPROPRIATE MOTION FOR SANCTIONS. (SEE PAPERS FILED) S/STEPHANIE DOMITROVICH, JUDGE (NOTICE GIVEN)  *1 Image page(s) exists for this entry* |
| 12/11/2019 **A17** | RETURN TO SENDER REGARDING: ORDER DTD 11/22/19 TO JULIE A BRENNAN ESQ, 420 FORT DUQUESNE BOULEVARD, PITTSBURGH, PA 15222 MARKED "RETURN TO SENDER, INSUFFICIENT ADDRESS, UNABLE TO FORWARD"  *2 Image page(s) exists for this entry* |
| 12/30/2019 **A18** | ENTRY OF APPEARANCE ON BEHALF OF FOREST RIVER INC F/JULIE A. BRENNAN, ESQ W/CERT OF COMPLIANCE AND CERT OF SERVICE  *4 Image page(s) exists for this entry* |
| 12/30/2019 **A19** | CORRESPONDENCE DTD 12/26/19 TO JUDGE DOMITROVICH S/JULIE A. BRENNAN ESQ (COPY)  *1 Image page(s) exists for this entry* |
| 1/15/2020 **A20** | PRAECIPE TO ENTER JUDGMENT OF NON PROS F/JULIE A BRENNAN, ESQ (JUDGMENT NOT ENTERED- FILING FEE WAS NOT PAID AT TIME OF FILING & JUDGMENT NOTICE, COPIES AND ENVELOPES PER LOCAL RULE 236 WAS NOT INCLUDED).  *8 Image page(s) exists for this entry* |
| 1/15/2020 **A21** | NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY RESPONSES FROM DEFT F/MICHAEL J MUSONE, ESQ W/ EXHIBIT A, B; CERT OF COMPLIANCE, CERT OF SERVICE.  *6 Image page(s) exists for this entry* |
| 1/15/2020 **A22** | MOTION TO EXTEND DEADLINE TO FILE COMPLAINT F/ MICHAEL J MUSONE, ESQ W/EXHIBIT A, B; PROPOSED ORDER, CERTIFICATE OF COMPLIANCE, CERT OF SERVICE.  *9 Image page(s) exists for this entry* |
| 1/16/2020 **A23** | NOTICE OF HEARING ORDER DTD 1/16/20, A HEARING/ARGUMENT ON THE MOTION TO EXTEND DEADLINE TO FILE COMPLAINT, FILED BY MICHAEL J MUSONE, ESQ., FOR PLTF, THE LUTHERAN HOME FOR THE AGED D/B/A THE VILLAGE AT LUTHER SQUARE D/B/A LIFE-NORTHWESTERN PENNSYLVANIA, IS SCHEDULED FOR 1/27/20 AT 2:30PM IN CTRM 222 - G, ERIE COUNTY COURT HOUSE, ERIE, PENNSYLVANIA. COUNSEL MAY PARTICIPATE IN THE HEARING BY TELEPHONE. COUNSEL WILL ARRANGE FOR TELEPHONE COMMUNICATION THROUGH COURT CALL (SEE ATTACHED). S/STEPHANIE DOMITROVICH, JUDGE W/MEMORANDUM (NOTICE GIVEN)  *3 Image page(s) exists for this entry* |
| 1/17/2020 **A24** | CORRESPONDENCE, NOTICE OF ENTRY OF JUDGMENT, CHECK IN THE AMT OF $ 16.50, ENVELOPES & COPY OF PRAECIPE F/JULIE A BRENNAN, ESQ. CHECK RETURNED TO ATTY.  *5 Image page(s) exists for this entry* |
| 1/22/2020 **A25** | COMPLAINT, COUNTS I - V, IN AN AMOUNT IN EXCESS OF $254,269.00 ALONG WITH PUNITIVE DAMAGES, AND FOR ANY OTHER RELIEF THIS COURT DEEMS JUST W/NOTICE TO PLEAD WITHIN 20 DAYS. F/MICHAEL J. MUSONE ESQ W/EXHIBIT A, VERIFICATION, CERT OF SERVICE, AND CERT OF COMPLIANCE  *21 Image page(s) exists for this entry* |
| 1/24/2020 **A26** | ORDER DTD 1/24/20, AFTER RECEIVING CORRESPONDENCE (ATTACHED AS |

```
09565602062020                  Erie County Prothonotary                    Page      4
   PYSPRT                       Civil Case Detail Report                     2/06/2020
```

Case No.......... 2019-12019  THE LUTHERAN HOME FOR THE** (vs) FOREST RIVER, INC.

```
Reference No......                                  Filed.......... 7/29/2019
Case Type........ CONTRACT - OTHER                  Time...........      9:47
Judgment..........          $.00                    Execution Date. 0/00/0000
Judge Assigned.... DOMITROVICH STEPHANIE, JUDGE     Jury Trial.....
Disposed Desc.....                                  Disposed Date.. 0/00/0000
------------ Case Comments ------------             Higher Crt 1...
                                                    Higher Crt 2...
```

          EXHIBIT A), FROM CHRISTINE LAMARY, LITIGATION ASSISTANT TO MICHAEL
          MUSONE, ESQ., FOR THE LUTHERAN HOME FOR THE AGED D/B/A THE VILLAGE
          AT LUTHER SQUARE D/B/A LIFE NORTHWESTERN PENNSYLVANIA, IT IS
          HEREBY ORDERED THAT THE MOTION TO EXTEND DEADLINE TO FILE THE
          COMPLAINT ORIGINALLY SCHEDULED FOR 1/27/20 AT 2:30PM IS CANCELLED
          AND RENDERED MOOT. S/STEPHANIE DOMITROVICH, JUDGE W/EXHIBIT A
          (NOTICE GIVEN)
                              2 Image page(s) exists for this entry
          - - - - - - - - - - - - - LAST ENTRY  - - - - - - - - - - - - -

*****************************************************************************
                          ++ Escrow Information ++
Cost / Fee                   Beg. Balance     Pymts/Adjmts     End. Balance
SUMMONS TAX                        $.50             $.50             $.00
REISSUE                          $9.00            $9.00             $.00
SUMMONS                         $92.00           $92.00             $.00
JCS/ATJ                         $40.25           $40.25             $.00
AUTOMATION FEE                   $5.00            $5.00             $.00
                            ------------     ------------     ------------
                               $146.75          $146.75             $.00

*****************************************************************************
                         End of Case Information
```

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 12019-19 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>The Lutheran Home For The Aged | Lead Defendant's Name:<br>Forest River, Inc. |
| --- | --- |

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:<br>(check one)   ☐ within arbitration limits   ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No     **Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Jeffrey J. Cole

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
_____
_____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
_____
- ☒ Other:
  Lemon Law / Warranty
_____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
_____
_____
- ☐ Zoning Board
- ☐ Other:
_____
_____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

**EXHIBIT**
**A1**

*Updated 1/1/2011*

THE LUTHERAN HOME FOR THE      )      IN THE COURT OF COMMON PLEAS
AGED, d/b/a THE VILLAGE AT     )      OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE, d/b/a           )
LIFE-NORTHWESTERN              )
PENNSYLVANIA,                  )      Civil Action – Law
                  Plaintiff    )
            vs.                )
                               )
FOREST RIVER, INC.,            )
                  Defendant    )      No. ___12019___

## PRAECIPE FOR ISSUANCE OF WRIT OF SUMMONS

To:     Clerk of Records, Prothonotary Division

        Please issue a Writ of Summons, directed to Forest River, Inc., Defendant, on behalf of

Plaintiff, The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a

Life-Northwestern Pennsylvania.

        This action concerns a RV type vehicle purchased by Plaintiff from Defendant.

                                Respectfully submitted,


                                Jeffrey J. Cole
                                Pa. Supreme Court No. 73052
                                Counsel for Plaintiff
                                2014 West 8th Street
                                Erie, PA 16505
Dated: July 29, 2019            Tel.  (814) 454-2653


**EXHIBIT**

**A7**

| | |
|---|---|
| THE LUTHERAN HOME FOR THE : | IN THE COURT OF COMMON PLEAS |
| AGED, d/b/a THE VILLAGE AT : | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE, d/b/a : | |
| LIFE-NORTHWESTERN : | |
| PENNSYLVANIA : | |
| : | |
| VS : | |
| : | 12019-2019 |
| FOREST RIVER, INC. : | |

## WRIT OF SUMMONS

TO:  THE ABOVE NAMED DEFENDANT (S):

YOU ARE HEREBY NOTIFIED THAT THE ABOVE-NAMED PLFF(S) HAS (HAVE) COMMENCED AN ACTION AGAINST YOU.

COPIES OF ALL PLEADINGS FILED SHOULD BE SERVED UPON PLAINTIFF(S) / COUNSEL:

> Jeffrey J. Cole, Esq.
> 2014 West 8th Street
> Erie PA  16505
> 814-454-2653

KENNETH J GAMBLE
CLERK OF RECORDS
PROTHONOTARY DIVISION

By_____
Eruvinia Rivera-Nolan, Deputy

Date:  July 30, 2019

**EXHIBIT**

tabbies®

__A3__

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE | ) | IN THE COURT OF COMMON PLEAS |
| AGED, d/b/a THE VILLAGE AT | ) | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE, d/b/a | ) | |
| LIFE-NORTHWESTERN | ) | |
| PENNSYLVANIA, | ) | Civil Action – Law |
|      Plaintiff | ) | |
|     vs. | ) | |
| | ) | |
| FOREST RIVER, INC., | ) | |
|     Defendant | ) | No. 12019 -- 2019 |

## RETURN OF SERVICE

Plaintiff, by and through its counsel, Jeffrey J. Cole, provides the following as its return of service per Pa. Rule Civ. Pro. 405:

1.    Service by mail of the writ of summons issued at the above term and number on July 30, 2019 was authorized by Pa. Rule Civ. Pro. 404, as the defendant is outside the Commonwealth.

2.    The writ was mailed to the defendant, Forest River, Inc., at 401 County Road 15, Elkhart, IN 46516 by priority U.S. Mail, certified mail, return receipt requested, on July 30, 2019.

3.    The original certified mail receipt, number 7018 2290 0000 5250 0629, is attached to Exhibit A.

4.    According to the return receipt, number 7018 2290 0000 5250 0629, also attached to Exhibit A, which was received by the undersigned on August 6, 2019, the certified mail containing the writ of summons was received by Forest River, Inc. on August 2, 2019, and signed for by Debra Wilson.

Respectfully submitted,

Jeffrey J. Cole
Pa. Supreme Court No. 73052
Counsel for Plaintiff
2014 West 8th Street
Erie, PA 16505
Tel. (814) 454-2653

Dated: August 7, 2019

**EXHIBIT**

**A4**

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE AGED, d/b/a THE VILLAGE AT LUTHER SQUARE, d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, Plaintiff | ) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |
| vs. | ) | Civil Action – Law |
| FOREST RIVER, INC., Defendant | ) | No. 12019 – 2019 |

**EXHIBIT A**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7018 2290 0000 5250 0629

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

ERIE PA STA NO 12
Postmark Here
JUL 30 2019
USPS 16505

Sent To: Forest River, Inc.
Street and Apt. No., or PO Box No.: 401 County Road 15
City, State, ZIP+4®: Elkhart, IN 46516

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Forest River, Inc.
401 County Road 15
Elkhart, IN 46516

9590 9402 4979 9063 1266 31

2. Article Number (Transfer from service label)
7018 2290 0000 5250 0629

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
Debra Wilson
☐ Agent
☐ Addressee

B. Received by (Printed Name): Debra Wilson
C. Date of Delivery: 8/2/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt



THE LUTHERAN HOME FOR THE    )    IN THE COURT OF COMMON PLEAS
AGED, d/b/a THE VILLAGE AT    )    OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE, d/b/a    )
LIFE-NORTHWESTERN    )
PENNSYLVANIA,    )    Civil Action – Law
         Plaintiff    )
   vs.    )
     )
FOREST RIVER, INC.,    )
         Defendant    )    No. 12019 -- 2019

## Certificate of Service

    I, Jeffrey J. Cole, certify that on August 7, 2019, I mailed a time-stamped copy of the forgoing return of service and this certificate of service to Defendant, by first-class U.S. Mail, addressed as follows:

                Forest River, Inc.
                401 County Road 15
                Elkhart, IN 46516

8 - 7- 2019
Date

Jeffrey J. Cole
Pa. Supreme Court No. 73052
Counsel for Plaintiff
2014 West 8th Street
Erie, PA 16505
Tel. (814) 454-2653

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE | ) | IN THE COURT OF COMMON PLEAS |
| AGED, d/b/a THE VILLAGE AT | ) | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE, d/b/a | ) | |
| LIFE-NORTHWESTERN | ) | |
| PENNSYLVANIA, | ) | Civil Action – Law |
|            Plaintiff | ) | |
|       vs. | ) | |
| | ) | |
| FOREST RIVER, INC., | ) | |
|            Defendant | ) | No. 12019 -- 2019 |

## PRAECIPE TO RE-ISSUE WRIT OF SUMMONS

To:    Clerk of Records, Prothonotary Division

Please reissue the Writ of Summons, directed to Forest River, Inc., Defendant, on behalf

of Plaintiff, The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a

Life-Northwestern Pennsylvania, that was originally issued on July 30, 2019.

Please provide five (5) duplicate original re-issued writs.

This action concerns a RV type vehicle purchased by Plaintiff from Defendant.

Respectfully submitted,

Jeffrey J. Cole
Pa. Supreme Court No. 73052
Counsel for Plaintiff
2014 West 8th Street
Erie, PA 16505
Dated: August 23, 2019            Tel. (814) 454-2653

**EXHIBIT**

tabbies®

**A5**

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

No.  12019-2019

        Plaintiffs,

           v.

FOREST RIVER, INC.,

        Defendant.

**PRAECIPE AND RULE TO FILE
COMPLAINT**

Filed on behalf of Defendant,
Forest River, Inc.

Counsel of record for this party:

Timothy R. Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA  15222
412-281-2288



EXHIBIT
A 6

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

No. 12019-2019

      Plaintiffs,

        v.

FOREST RIVER, INC.,

      Defendant.

## PRAECIPE AND RULE TO FILE COMPLAINT

TO THE PROTHONOTARY

      Kindly issue a Rule upon the Plaintiffs to file a Complaint in the above-captioned matter

within twenty (20) days after service of the rule or the Prothonotary, upon praecipe, shall enter a

judgment of non pros.

                       Respectfully submitted,

                       PION, NERONE, GIRMAN, WINSLOW
                       & SMITH, P.C.

                       By: _____
                            Timothy R. Smith, Esquire
                            tsmith@pionlaw.com
                            Julie A. Brennan, Esquire
                            jbrennan@pionlaw.com

                       Counsel for Defendant,
                       FOREST RIVER, INC.

NOW, _____, _____, RULE ISSUED AS ABOVE.

                      _____

           By _____
                           Deputy

No. 12019-2019

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Praecipe and Rule to File Complaint was served upon counsel of record by U.S. mail, postage prepaid, this $6^{th}$ day of September, 2019, as follows:

> Jeffrey J. Cole, Esquire
> 2014 West 8th Street
> Erie, PA  16505
> *(Counsel for Plaintiffs)*

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: *Julie A Brennan*

Timothy R. Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

# In the Court of Common Pleas of Erie County, Pa.

## No. <u>12019-2019</u>

The Lutheran Home for the Aged,
d/b/a The Village at Luther Square
d/b/a Life-Northwestern Pennsylvania

        vs.

Forest River, Inc.

### <u>RULE</u>

And Now, to-wit:  September 9, 2019, <u>Forest River, Inc.,</u> by Attorney come(s) and enter(s) a rule on plaintiff(s) <u>to file a complaint within twenty (20) days or suffer a  judgment of non pros.</u>

            F/Julie A. Brennan, Esq
            Attorney for Forest River, Inc.

            *Julie a Brennan*

**From the Record:**

    Witness my hand and the seal of said Court, at Erie, this 10<sup>th</sup>   day of September, 2019.

(seal)                       Prothonotary or Deputy

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

*Served the within rule upon* _____*this, the* _____ *day of*
_____ *by giving him a true and attested copy of the same, and informing him of the contents thereof.*

*So answers,*                 _____

*Sworn and subscribed to*
*before me this* _____ *day of* _____, *2019*
_____ Notary Public

**EXHIBIT**

**tabbies**

**A7**

THE LUTHERAN HOME FOR THE ) IN THE COURT OF COMMON PLEAS
AGED, d/b/a THE VILLAGE AT ) OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE, d/b/a )
LIFE-NORTHWESTERN )
PENNSYLVANIA, ) Civil Action – Law
         Plaintiff )
     vs. )
                )
FOREST RIVER, INC., )
         Defendant ) No. 12019 -- 2019

## REVISED RETURN OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :
                                :   SS:
COUNTY OF ERIE                    :

    Before me, the undersigned authority, a notary public in and for said County and State,
personally appeared Jeffrey J. Cole, Esq., and, having been duly sworn according to law,
deposed and stated that on August 28, 2019, he served original re-issued Writs of Summons
issued at the above term and number upon the defendant, Forest River, Inc., by two separate
articles of United States certified mail, return receipt requested, postage prepaid, addressed as
follows:

    A.    Forest River, Inc.
           c/o Peter Liegl, President
           900 County Road 1
           Elkhart, IN 46514

    B.    Forest River, Inc.
           c/o Joseph Greenlee, registered agent
           900 County Road 1
           Elkhart, IN 46514

    Attached as Exhibit 1 are the original U.S. Postal Service certified mail receipts for both
of the above mailings.

EXHIBIT

A8

Delivery of both mailings was made on September 4, 2019, as evidenced by the completed return receipts signed by Debra Wilson on that date, both of which are attached to Exhibit 2 hereto.

Respectfully submitted,

Jeffrey J. Cole
Pa. Supreme Court No. 73052
Counsel for Plaintiff
2014 West 8th Street
Erie, PA 16505
Tel. (814) 454-2653

Dated: September 13, 2019

Commonwealth of Pa
County of Erie

Sworn to and subscribed before me
this ___13th___ day of September, 2019.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JULIA L. FROEHLICH, NOTARY PUBLIC
MILLCREEK TWP., COUNTY OF ERIE
MY COMMISSION EXPIRES JUNE 3, 2020

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE AGED, d/b/a THE VILLAGE AT LUTHER SQUARE, d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, Plaintiff | ) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |
| | ) | Civil Action – Law |
| vs. | ) | |
| FOREST RIVER, INC., Defendant | ) | No. 12019 – 2019 |

**EXHIBIT 1**

7018 2290 0000 5250 2128

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here — ERIE PA STA NO 12 — AUG 28 2019 — USPS 16505

Sent To Forest River, Inc. c/o Peter Liegl, Pres.
Street and Apt. No., or PO Box No. 900 County Road 1
City, State, ZIP+4® Elkhart, IN 46515

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7018 2290 0000 5250 2135

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here — ERIE PA STA NO 12 — AUG 28 2019 — USPS 16505

Sent To Forest River Inc. c/o Joseph Greenlee Registered Agent
Street and Apt. No., or PO Box No. 900 County Road 1
City, State, ZIP+4® Elkhart, IN 46514

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions



| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED, d/b/a THE VILLAGE AT LUTHER SQUARE, d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) ) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

Civil Action – Law |

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT
LUTHER SQUARE, d/b/a
LIFE-NORTHWESTERN
PENNSYLVANIA,
　　　　　　　　Plaintiff

　　　　vs.

FOREST RIVER, INC.,
　　　　　　　　Defendant

)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

Civil Action – Law

No. 12019 – 2019

## EXHIBIT 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Forest River, Inc.
c/o Peter J. Liegl, Pres.
900 County Road 1
Elkhart, IN 46514

9590 9402 4979 9063 1269 76

2. Article Number (Transfer from service label)

9 2290 0000 5250 2128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Debra Wilson_   ☑ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Debra Wilson   9/4/19
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Forest River, Inc.
c/o Joseph Greenlee,
　　Registered Agent
900 County Road 1
Elkhart, IN 46514

9590 9402 4979 9063 1269 69

2. Article Number (Transfer from service label)

8 2290 0000 5250 2135

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Debra Wilson_   ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Debra Wilson   9/4/19
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE | ) | IN THE COURT OF COMMON PLEAS |
| AGED, d/b/a THE VILLAGE AT | ) | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE, d/b/a | ) | |
| LIFE-NORTHWESTERN | ) | |
| PENNSYLVANIA, | ) | Civil Action – Law |
|         Plaintiff | ) | |
|     vs. | ) | |
| | ) | |
| FOREST RIVER, INC., | ) | |
|         Defendant | ) | No. 12019 -- 2019 |

## Certificate of Service

I, Jeffrey J. Cole, certify that on September 13, 2019, I mailed a time-stamped copy of the forgoing return of service and this certificate of service to Defendant, care of its counsel of record, by first-class U.S. Mail, addressed as follows:

> Julie A. Brennan, Esq.
> Pion Law Firm
> 1500 One Gateway Center
> 420 Fort Duquesne Blvd.
> Pittsburgh, PA 15222

9-13-2019
_____
Date

_____
Jeffrey J. Cole
Pa. Supreme Court No. 73052
Counsel for Plaintiff
2014 West 8th Street
Erie, PA 16505
Tel.  (814) 454-2653

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |
| Plaintiff | CIVIL ACTION – LAW |
| vs. | NO.  2019 – 12019 |
| FOREST RIVER, INC., | |
| Defendant | |

## PRAECIPE FOR SUBSTITUTION OF APPEARANCE

TO THE PROTHONOTARY:

Please substitute the appearance of Michael J. Musone, Esq. for Jeffrey J. Cole, Esq. on

behalf of Plaintiff, The Lutheran Home for The Aged d/b/a The Village at Luther Square d/b/a

LIFE-Northwestern Pennsylvania, in the above-captioned matter.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: _____
Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff,
The Lutheran Home for The Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania

# 2092608.v1

EXHIBIT

A9

THE LUTHERAN HOME FOR THE ) IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT ) OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE- )
NORTHWESTERN PENNSYLVANIA, )
) CIVIL ACTION – LAW
      Plaintiff )
)
      vs. ) NO.  2019 – 12019
)
FOREST RIVER, INC., )
)
      Defendant )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _16th_ day of September, 2019, a copy of

the within document was served on all counsel of record and unrepresented parties in accordance

with the applicable rules of court.

Julie A. Brennan, Esquire
Timothy R. Smith, Esquire
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, Pennsylvania 15222

Michael J. Musone

# 2092608.v1

tags here

# SHERIFF'S OFFICE OF ERIE COUNTY

**JOHN T. LOOMIS**
*Sheriff*

**JEFFREY GUILD**
*Chief Deputy*



*FORGED WITH PRIDE*

COMMON PLEAS COURT **CHRIS CAMPANELLI**
*Captain*

9-19-19SB

2019 SEP 19   AM 9: 46   **WILLIAM FENTON**
*Lieutenant*

CLERK OF RECORDS
PROTHONOTARY

The Lutheran Home for the Aged d/b/a The Village at Luther Square, D/B/A LIFE
NORTHWEST PA
——— vs.——— . —.

FOREST RIVER INC.

**Case Number**
2019-12019

## SHERIFF'S RETURN OF SERVICE

09/04/2019   11:00 AM - The requested Writ of Summons (WOSM) served by the Sheriff of Dauphin County upon
DAVID BULAKOWSKI, SERVICE ASSOCIATE, who accepted for FOREST RIVER INC., at 2595
INTERSTATE DR, SUITE 103, HARRISBURG, PA 17110. NICHOLAS CHIMIENTI JR., Sheriff, Return of
Service attached to and made part of the within record.

DAUPHIN FEES: $47.25

SHERIFF COST: $70.00

SO ANSWERS,

September 18, 2019

JOHN T. LOOMIS, SHERIFF

```
+--------------------+
|      EXHIBIT       |
|                    |
|       A10          |
|                    |
+--------------------+
```

# SHERIFF'S OFFICE OF ERIE COUNTY

**JOHN T. LOOMIS**
*Sheriff*

**JEFFREY GUILD**
*Chief Deputy*

**CHRIS CAMPANELLI**
*Captain*

**WILLIAM FENTON**
*Lieutenant*

FORGED WITH PRIDE

**Case Number**
2019-12019

## SERVICE COVER SHEET

The Lutheran Home for the Aged d/b/a The Village at Luther Square, D/B/A LIFE
NORTHWEST PA
vs.
FOREST RIVER INC.

**2019-12019**   2595 INTERSTATE DR, SUITE 103, HARRISBURG, PA 1711 EXP: 09/23/2019

### Service Details:

| Category: | Civil Action - Writ of Summons (WOSM) | | |
|---|---|---|---|
| Manner: | Deputize | Expires: | 09/23/2019 | Zone: | Warrant: |
| Notes: | | | |

### Serve To:

| Name: | FOREST RIVER INC. |
|---|---|
| Primary Address: | 2595 INTERSTATE DR SUITE 103 HARRISBURG, PA 17110 |
| Phone: | DOB: |
| Alternate Address: | |
| Phone: | |

### Final Service:

| Served: | Personally · Adult In Charge · Posted · Other |
|---|---|
| Adult In Charge: | |
| Relation: | |
| Date: | Time: |
| Deputy: | Mileage: |

### Attorney / Originator:

| Name: | JEFFREY COLE, ESQ. |
|---|---|
| | Phone: | 814-454-2653 |

### Service Attempts:

| | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| Date: | | | | | |
| Time: | | | | | |
| Mileage: | | | | | |
| Deputy: | | | | | |

### Notes / Special Instructions:

Now, 8/26/19 of _____ County to execute service of the documents herewith and make return thereof according to law.

I, Sheriff of Erie County, Pennsylvania do hereby deputize the Sheriff

**Return To:**
Erie County Sheriff's Office
140 West 6th Street
Erie, PA 16501

JOHN T. LOOMIS, Sheriff

PROTHONOTARY
RECORDS
2019 SEP 19  9:46
COMMON PLEAS COURT
ERIE

# OFFICE OF THE SHERIFF

ERIE COUNTY, PENNSYLVANIA
140 WEST SIXTH STREET • ERIE, PENNSYLVANIA 16501
814/451-6254          FAX 814/451-6323

| ERIE COUNTY SHERIFF'S SERVICE PROCESS RECORD | Please type or print legibly. |
|---|---|

| PLAINTIFF | TERM AND NO. |
|---|---|
| The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a Life-Northwest Pa. | 12019 -- 2019 |

| DEFENDANT | TYPE OF WRIT |
|---|---|
| Forest River, Inc. | Writ of Summons |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Forest River, Inc., c/o its registered agent office provider: Corporation Service Company

**AT** ADDRESS *(Street or rfd, apartment No., City, State and Zip Code)*
2595 Interstate Drive, Suite 103, Harrisburg, PA 17110

| SEND NOTICE OF SERVICE COPY TO NAME AND ADDRESS BELOW | SHOW number of this writ and total number of writs submitted. i.e., 1 of 1, 1 of 3, etc. | No. 1 | of | Total 1 |
|---|---|---|---|---|
| Jeffrey J. Cole, Esq. 2014 West 8th Street Erie, PA 16505 | Check if applicable: ☐ Serve Secretary of Commonwealth ☑ Deputized Service ☐ Publication Special instructions required for all of the above | | | |

SHOW IN THIS SPACE BELOW ANY SPECIAL INSTRUCTIONS OR OTHER INFORMATION PERTINENT TO SERVING THE WRIT DESCRIBED ABOVE

Please deputize the Sheriff of Dauphin County to make service of the writ.

| NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR | TELEPHONE NUMBER | DATE |
|---|---|---|
| Jeffrey J. Cole | (814) 454-2653 | 8/23/2019 |

SPACE BELOW FOR USE OF SHERIFF ONLY - DO NOT WRITE BELOW THIS LINE

| Show amount of prepared fees and sign | DEPOSIT | | DISTRICT TO SERVE | | |
|---|---|---|---|---|---|
| I acknowledge receipt for the total number of writs indicated and for the deposit (if applicable) shown. | | SIGNATURE OF AUTHORIZED DEPUTY OR CLERK | | | DATE |
| OVERTIME AUTHORIZATION | DEPUTY | DATE AND TIME | | AUTHORIZING ATTORNEY | |

☐ I hereby certify and return that I have personally served, have legal evidence of service, or have executed as shown in "REMARKS," the writ described on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc., at the address inserted below.

☐ I hereby certify and return that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named above within the bailiwick of Erie County, Pennsylvania.

| NAME AND TITLE OF INDIVIDUAL SERVED *(If not shown above)* | | | | ☐ A person of suitable age then abiding in the defendant's usual place of abode. | |
|---|---|---|---|---|---|
| ADDRESS *(Complete only if different than shown above)* | | | | FEE *(If applicable)* $ | MILEAGE $ |
| DATE(S) OF ENDEAVOR *(Use remarks if necessary)* | DATE OF SERVICE | TIME | AM PM | SIGNATURE OF SHERIFF OR DEPUTY | |

REMARKS

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) |

THE LUTHERAN HOME FOR THE
AGED d/b/a THE VILLAGE AT
LUTHER SQUARE d/b/a LIFE-
NORTHWESTERN PENNSYLVANIA,

    Plaintiff

  vs.

FOREST RIVER, INC.,

    Defendant

) IN THE COURT OF COMMON PLEAS
) OF ERIE COUNTY, PENNSYLVANIA
)
)
) CIVIL ACTION - LAW
)
)
) NO.  12019-2019
)
)
)
)

## MOTION FOR STAY

  Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a

LIFE-Northwestern Pennsylvania ("Lutheran Home"), through its attorneys, Knox McLaughlin

Gornall & Sennett, P.C. files this Motion for Stay, stating as follows:

  1. Lutheran Home initiated this action by filing a Writ of Summons against Forest

River, Inc., arising from Lutheran Home's purchase of a recreational vehicle (the "RV")

manufactured by Forest River.

  2. Lutheran Home purchased the RV in March 2018 and since that time has had it in

for service numerous times for various electrical and mechanical problems.  Forest River has

been in possession of the RV since July, trying to repair these myriad problems.

  3. Lutheran Home served Forest River with pre-complaint discovery in order to

obtain information regarding the RV including its manufacturing process and repair history.

  4. Forest River objected to and refused to answer all but two of Lutheran Home's

Interrogatories and Requests for Production of Documents, refusing to produce any information

regarding the RV's manufacturing process or repair history.



EXHIBIT

A11

5.      Lutheran Home is in the process of filing a motion to compel Forest River's

responses but, in the meantime, Forest River has issued a rule for Lutheran Home to file its

Complaint and recently issued a notice of praecipe to enter judgment of non-pros.

6.      Absent a court order, Lutheran Home's complaint must be filed on or before

November 7.

7.      Because Lutheran Home's motion to compel is unlikely to be decided before

November 7, it requests an Order staying all other proceedings—including Forest River's

proposed non pros—pending resolution of Lutheran Home's motion to compel.

8.      Lutheran Home unsuccessfully attempted to resolve this dispute without Court

intervention.

WHEREFORE, Lutheran Home requests that the Court enter an Order staying all actions

in this case pending resolution of its motion to compel, as requested in the proposed order, along

with such further relief as this Court deems just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____

Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff,
The Lutheran Home for the Aged d/b/a The
Village at Luther Square d/b/a LIFE-
Northwestern Pennsylvania

# 2113358.v1

2

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS ) OF ERIE COUNTY, PENNSYLVANIA ) ) |
| Plaintiff | ) CIVIL ACTION - LAW ) |
| vs. | ) NO. 12019-2019 ) |
| FOREST RIVER, INC., | ) ) |
| Defendant | ) ) |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Michael J. Musone

# 2113358.v1

THE LUTHERAN HOME FOR THE ) IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT ) OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE- )
NORTHWESTERN PENNSYLVANIA, )
) CIVIL ACTION - LAW
     Plaintiff )
)
    vs. ) NO. 12019-2019
)
FOREST RIVER, INC., )
)
    Defendant )

## ORDER

AND NOW, this _31st_ day of _October_, 2019, upon consideration of

Plaintiff's Motion to Stay, said Motion is GRANTED as follows:

1.    Plaintiff must file its Motion to Compel on or before November 7, 2019;

2.    Upon filing of the Motion to Compel, all other activities in this case are stayed pending resolution of the Motion to Compel;

3.    Following resolution of the Motion to Compel, Plaintiff shall have 20 days to file its Complaint and judgment of non-pros will not be entered unless Defendant resends the Notice required under Pa.R.C.P. 237 following expiration of this 20 day period.

BY THE COURT:

_Daniel J. Brabender_ J.

I, Kenneth J. Gamble, Prothonotary of the Court
of Common Pleas of Erie County, Pa., do certify
that this is a true and correct copy of the original
record filed in said court.

Prothonotary:

Date: 11/1/19

Deputy:

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS<br>) OF ERIE COUNTY, PENNSYLVANIA<br>)<br>)<br>) CIVIL ACTION - LAW |
| Plaintiff | ) |
| vs. | )<br>) NO. 12019-2019 |
| FOREST RIVER, INC., | )<br>) |
| Defendant | )<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the $31^{st}$ day of October, 2019, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

_____

Michael J. Musone

# 2113358.v1

ERIE COUNTY COURT OF COMMON PLEAS
REQUEST FOR CIVIL JUDGE ASSIGNMENT

DATE COMPLAINT FILED

July 30, 2019

DOCKET NUMBER

12019-2019

PLAINTIFF(S)

The Lutheran Home for the Aged d/b/a
The Village at Luther Square d/b/a Life-
Northwestern Pennsylvania

PLAINTIFF'S ATTORNEYS (Address)

Michael J. Musone, Esq.
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pennsylvania 16501

DEFENDANT(S)

Forest River, Inc.

DEFENDANT'S ATTORNEYS (Address)

Julie A. Brennan, Esq.
1500 One Gateway Center
420 Duquesne Boulevard
Pittsburgh, Pennsylvania 15222

HAS THIS CASE RECEIVED ANY PREVIOUS JUDICIAL ATTENTION?

NO _____   YES  X _____

If yes, name of Judge   Daniel J. Brabender, Jr.

ARE THERE ANY RELATED CASES ALREADY ASSIGNED TO A JUDGE?

NO   X _____   YES  _____

If yes, name of Judge _____   Docket Number _____

FOR COURT USE ONLY:

**JUDGE DOMITROVICH** _____ has been assigned to this case. This matter,
and all future matters, should be filed directly with the assigned judge per local rules
of court.

DATE: ____11/6/19____   ASSIGNED BY: _____

EXHIBIT

A 12

THE LUTHERAN HOME FOR THE ) IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT ) OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE- )
NORTHWESTERN PENNSYLVANIA, )
)
          Plaintiff ) CIVIL ACTION - LAW
)
        vs. ) NO. 12019-2019
)
FOREST RIVER, INC., )
)
         Defendant )

## MOTION TO COMPEL

Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a

LIFE-Northwestern Pennsylvania ("Lutheran Home"), through its attorneys, Knox McLaughlin

Gornall & Sennett, P.C. files this Motion to Compel, stating as follows:

1.    Lutheran Home initiated this action by filing a Writ of Summons against Forest

River, Inc., arising from Lutheran Home's purchase of a recreational vehicle (the "RV")

manufactured by Forest River.

2.    Lutheran Home purchased the RV in March 2018 for nearly $255,000 and since

then has had it in for service numerous times for various electrical and mechanical problems.

3.    After each alleged repair, Lutheran Home was assured the RV's problems were

corrected, only to encounter additional electrical and mechanical problems. Forest River has

been in possession of the RV since July.

4.    Lutheran Home served Forest River with pre-complaint discovery in order to

obtain information regarding the RV, including its manufacturing process and repair history.

5.    After receiving the discovery requests, Forest River advised Lutheran Home that

it believed the discovery requests were overly broad, refusing to answer any of the requests.



**EXHIBIT**

tabbies®

A 13

6.      Subsequently, on September 17, 2019, before Forest River responded to the discovery requests, undersigned counsel agreed to limit Lutheran Home's discovery requests to certain enumerated paragraphs. (*See* September 17, 2019 email attached as Exhibit A).

7.      In particular, Lutheran Home's counsel agreed to limit its discovery requests to paragraphs 1-7, 9-11, 13, 15-17, 19-21, 32 and 33.

8.      Not satisfied with Lutheran Home's proposed compromise, Forest River objected to, and refused to answer, all but two of Lutheran Home's Interrogatories and Requests for Production of Documents, withholding all information regarding the RV's manufacturing process and repair history. (*See* Forest River's answer and responses, attached as Exhibit B).

9.      Forest River only provided responses to paragraph 7, which sought purchase information, and paragraph 20, which requested the RV's warranty.

10.     While the scope of pre-complaint discovery is more restricted than typical discovery, Lutheran Home's discovery requests are necessary for it to obtain information in order to prepare its complaint. (*See* Pa. R.C.P. No. 4003.8(a) (allowing pre-complaint discovery "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.").

11.     Lutheran Home's requested discovery—as limited by counsel's September 17 email—seeks the following information:

    (a)    Paragraphs 1-6 = background and authorization information regarding Forest River's responses to the discovery requests;

    (b)    Paragraphs 9, 10 and 13 = information about the RV's manufacturing process and testing;

    (c)    Paragraphs 11, 15, 16, 17 and 21 = repair and modification information;

    (d)    Paragraph 19 = Forest River's knowledge of the RV's defects; and

2

(e)     Paragraphs 32 and 33 = information regarding the RV's warranty claims.

12.     This information is necessary to determine the scope and extent of Lutheran Home's claims, including potential fraud claims.

13.     Because none of the requested information is overly burdensome, oppressive or expensive to respond to, Lutheran Home requests an order compelling Forest River's responses.

14.     Lutheran Home attempted to resolve this dispute without Court intervention.

WHEREFORE, Lutheran Home requests that the Court enter an Order compelling Forest River's responses to paragraphs 1-6, 9-11, 13, 15-17, 19, 21, 32 and 33 of its Interrogatories and Requests for Production of Documents, along with such further relief as this Court deems just

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____
        Michael J. Musone, Esq.
        120 West Tenth Street
        Erie, Pennsylvania 16501
        (814) 459-2800

        Attorneys for Plaintiff,
        The Lutheran Home for the Aged d/b/a The
        Village at Luther Square d/b/a LIFE-
        Northwestern Pennsylvania

# 2113340.v1

3

**Lamary, Christina**

| | |
|---|---|
| **From:** | Musone, Michael |
| **Sent:** | Tuesday, September 17, 2019 2:23 PM |
| **To:** | 'jbrennan@pionlaw.com' |
| **Subject:** | RE: Lutheran Home for the Aged v. Forest River, Inc. - Erie County no. 12019-2019 |

Atty. Brennan:

Thanks for speaking with me yesterday. As we discussed, I reviewed the discovery served by previous counsel and am agreeable to limit your client's responses at this time. In particular, I'd be willing to accept responses to the following paragraphs: 1-7, 9-11, 13, 15-17, 19-21, 32 and 33. Hopefully this is an acceptable compromise.

Given the upcoming deadline for me to file a complaint, I'd like to know your client's position on extending my deadline to file the complaint by close of business tomorrow. Otherwise, I'll have no choice but to seek relief in motion court.

Thanks,
Mike

---

**Michael J. Musone**
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street, Erie, PA 16501-1461
814-459-2800   814-453-4530 (fax)
mmusone@kmgslaw.com   biography
Erie • North East • Pittsburgh • Jamestown, NY
www.kmgslaw.com



**From:** Musone, Michael
**Sent:** Monday, September 16, 2019 12:31 PM
**To:** 'tsmith@pionlaw.com' <tsmith@pionlaw.com>; 'jbrennan@pionlaw.com' <jbrennan@pionlaw.com>
**Subject:** Lutheran Home for the Aged v. Forest River, Inc. - Erie County no. 12019-2019

Attorneys Smith and Brennan:

I'm substituting my appearance today in the above-case. It's my understanding that Attorney Cole sent out pre-complaint discovery following service of the writ of summons. It's also my understanding that this discovery is outstanding and isn't due until after the deadline to file a complaint. Obviously my client sent out pre-complaint discovery in order to assist in the drafting of a complaint, and having to file the complaint before receiving the responses defeats that purpose.

I recognize you may have some issues with the scope of the pre-complaint discovery and I'm willing to discuss a compromise, however, would you agree to extend my client's deadline to file the complaint while we work through those issues and after I get the responses?

Regards,

---

**Michael J. Musone**
Knox McLaughlin Gornall & Sennett, P.C.



EXHIBIT

A

120 West Tenth Street, Erie, PA 16501-1461
814-459-2800   814-453-4530 (fax)
mmusone@kmgslaw.com   biography
Erie - North East - Pittsburgh - Jamestown, NY
www.kmgslaw.com



IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

No. 12019-2019

          Plaintiff,

          v.

FOREST RIVER, INC.,

          Defendant.

**DEFENDANT'S ANSWERS AND
RESPONSES TO INTERROGATORIES
AND DOCUMENT REQUESTS
DIRECTED TO DEFENDANT TO AID
IN THE PREPARATION OF A
COMPLAINT**

Filed on behalf of Defendant:
FOREST RIVER, INC.

Counsel of record for this party:

Timothy Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN, WINSLOW
  & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
Phone:  412-281-2288

**JURY TRIAL DEMANDED**

**EXHIBIT**

**B**

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE            )
AGED, d/b/a THE VILLAGE AT           )
LUTHER SQUARE, d/b/a LIFE-           )
NORTHWESTERN PENNSYLVANIA,           )
                                     )      No. 12019-2019
        Plaintiff,                   )
                                     )
        v.                           )
                                     )
FOREST RIVER, INC.,

        Defendant.

## DEFENDANT'S ANSWERS AND RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO DEFENDANT TO AID IN THE PREPARATION OF A COMPLAINT

Defendant, Forest River, Inc. by and through its counsel, Timothy Smith, Esquire, Julie A.

Brennan, Esquire, and Pion, Nerone, Girman, Winslow & Smith, P.C., serves the following

answers, responses and objections to Plaintiff's Interrogatories and Document Requests Directed

to Defendant to Aid in the Preparation of a Complaint.

### INTERROGATORIES

1.      Who is the person(s) answering these interrogatories and are they authorized by the

defendant?

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore
governed by Pennsylvania Rule of Civil Procedure 4003.8.   According to the governing Rule, pre-
complaint discovery may only be sought "where the information sought is material and necessary
to the filing of the complaint and the discovery will not cause unreasonable annoyance,
embarrassment, oppression, burden or expense to any person or party."   The instant discovery is
beyond the scope of permissible pre-complaint discovery.   Defendant reserves the right to assert
other objections concerning the scope, subject matter, relevance, etc. of this request.

2.      Who is the person(s reviewing the answers to these interrogatories?  Do you have

the authority to bind this defendant?

2

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

3.   In relation to the prior two interrogatories, please set forth the person(s):

   a.   Title;

   b.   Length of employment with the defendant;

   c.   Every position you have held with the defendant for the past five years, with

      a description of your responsibilities at each of the positions.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

4.   List all the documents you have reviewed in answering these interrogatories. Indicate the reason you have reviewed each document and please attach hereto. If you needed to review a document and you did not, please explain why and explain the contents of that document? Provide a copy of each document reviewed or consulted.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

5.   List all of the people you have spoken to or have attempted to speak to, while answering these questions; include their a) name; b) position; c) responsibilities; and d) the reason you spoke or attempted to speak to them. If you attempted to speak to a person and were unable

3

to do so, explain why you could not do so. Also explain why you wanted to speak to that person and the nature and extent, by your understanding, of their knowledge?

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

      6.     If you have not spoken to anyone or referred to any documents, please set forth reasons why you have failed to do so?

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

      7.     In relation to the vehicle, which was sold to the plaintiff, please list the following:

        a.  From whom was the vehicle purchased? Include name, address and telephone number;

        b.  The vehicle purchase price;

        c.  Please attach all the documentation pertaining to the acquisition of the subject vehicle. Attach the deal and/or transaction file;

        d.  List all representations that this defendant authorized the seller to make to the plaintiff upon sale and acquisition, including warranties. As to each representation identify if the representation was written or oral and, if written, provide a copy of said written representation.

**ANSWER:** The "vehicle" as defined in Plaintiff's instructions, was purchased from National RV Detroit, Inc., 44700 N I-94 Service Dr., Belleville, MI 48111, (734) 439-3400. The base price and price of additional equipment was $254,049.00; the Cash Purchase Price was $254,269.00.

4

The documentation in Defendant's possession related to the Plaintiff's acquisition of the vehicle is being produced herewith. As to subpart (d), see the National RV Detroit Acknowledgement and Disclaimer, Forest River Class A Diesel Motorhome Owner's Manual, and Berkshire XLT brochure.

8.    What was the odometer reading when the vehicle was acquired by Defendant?

**ANSWER:**  Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

9.    What was the date the original manufacture of the vehicle was completed by

Defendant?

**ANSWER:**  Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

10.    Did Defendant conduct a road test of the vehicle prior to delivery to a dealership?

If yes, provide all details and documents related to the road test.

**ANSWER:**  Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

11.    Where any repairs, modifications or alterations done on the vehicle after the date

the vehicle left the Defendant plant and the date the vehicle was purchased by Plaintiff? If yes,

please detail each such repair, modification or alteration providing:

a.    The date of each repair, modification or alterations;

5

> b. The specific item that was repaired, modified or altered;
>
> c. The entity name and address doing each repair, modification or alteration;
>
> d. Provide all documents generated as a result of the repair, modification or alteration.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

12.    List all representations this Defendant made to the Plaintiff subsequent to purchaser of the vehicle. As to each such representation identify:

> a. The date of each such representation;
>
> b. By whom the representation was made;
>
> c. To whom it was made;
>
> d. If the representation was written or oral, if written, provide a copy of said written representation?

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

13.    Did this Defendant perform an inspection on the vehicle prior to the vehicle leaving defendant's plant? If so, please set forth the nature and extent of the inspection as well as attaching any documentation pertaining to the inspection of the vehicle.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary

to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

14.     List the names, addresses, phone numbers and position of each person who was part

of the crew that assembled the vehicle at the Defendant's plant.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

15.     During the term of Plaintiff's ownership, please list all work of any nature

(mechanical, electrical, etc.) or bodywork which was done to the vehicle. Please set forth the

following:

> a.   Reasons for the work;
>
> b.   The exact date(s) on which the work was done;
>
> c.   The name and job descriptions of the individual(s) who performed the work;
>
> d.   If the work.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

16.     During the term of Plaintiff's ownership, please list any and all repair facilities,

garages or individuals who inspected, performed any alterations, or performed any mechanical or

body work on the vehicle.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-

complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

17.   Please provide any and all documentation regarding each repair, inspection, or other

service performed or authorized by Defendant on the vehicle during the term of Plaintiff's

ownership.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8.  According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

18.   Provide copies of all internal and external communications regarding any matter

related to the vehicle from the date of purchase to the present.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8.  According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

19.   In conjunction with the sale of the vehicle to the Plaintiff, please list any

representative of the selling dealership who Defendant communicated with regarding any defect,

issue or problem related to the vehicle after Plaintiff's purchase of the vehicle, providing:

      a.   The date of each communication;

      b.   The name(s) and address(s) of each individual(s) involved in the

         communication;

      c.   The reason for the communication;

      d.   The specific content of such communication;

8

e.   The specific result of each communication;

f.   All documents generated as a result of the communication.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  The instant discovery is beyond the scope of permissible pre-complaint discovery.  Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

20.   Please identify and list any and all written warranties issued covering the vehicle

issued by Defendant and/or any other entity and provide a copy of each.

**ANSWER:**   *See* the Limited Warranty included within the Forest River Class A Diesel Motorhome Owner's Manual.

21.   If not already provided, list each date that warrant work was performed on the

vehicle.  For each such date, provide all written communication concerning the warranty work

along with the entity undertaking the warranty work.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  The instant discovery is beyond the scope of permissible pre-complaint discovery.  Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

22.   If nor already provided, list each date that Forest River was notified of a defect or

issue concerning the vehicle by Purchaser or service technician.  Provide the manner of such

notification identifying the name of the person giving such notification, the person's address,

phone number and position.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  The instant discovery is

beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

    23.    Identify in detail what steps were taken by Forest River to address an and all defects

or issues brought to the attention of Forest River.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

    24.    Was any member of the crew who assembled the vehicle interviewed regarding any

of the problems that the vehicle exhibited after sale to the present? If so, identify each such

individual, the nature of the interview, who conducted the interview and whether any written

documents was produced as a result of the interview.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

    25.    Was any member of the crew who assembled the vehicle reprimanded, admonished,

criticized or in any way disciplined regarding the workmanship associated with any of the

problems that the vehicle exhibited after sale to the present? If so, identify each such individual:

        a.  The nature and content of each such reprimand, admonishment, critical

            statement or other discipline;

        b.  Who issued the reprimand, admonishment, critical statement or other

            discipline;

        c.  Whether any written documents was produced as a result of the interview.

10

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

26.     State whether Plaintiff, or anyone on Plaintiff's behalf, has ever notified Defendant

that Plaintiff believe that the vehicle was a "lemon" and no longer wanted the vehicle. If so, state

when, whether oral or written notice was given, and state the name, address and job title of each

person receiving said statement.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

27.     Does defendant maintain that any of the problems with the vehicle are the result of

abuse, neglect, alter, modify, or misuse the vehicle by Plaintiff. If your answer to said

interrogatory is "yes", please state precisely and in detail each factual element upon which

defendant asserts that plaintiff abused, neglected, altered, modified, or misused the subject vehicle.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

28.     Does Defendant maintain that any alleged defect, complaint or issue with the

vehicle complained of by the Plaintiff is the responsible of any other entity that the Defendant. If

yes, provide in detail:

a.   The nature of the defect, complaint or issue;

11

b. The name and address of the entity Defendant maintains is responsible for either causing and/or correcting the defect, complaint or issue;

c. The basis of Defendant belief that said entity is responsible for either causing and/or correcting the defect, complaint or issue

d. All communications between Defendant and each such entity.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

29. Please indicate how many cumulative days defendant's records indicated that the

vehicle was out of service by reason of any defect or condition complained of by Plaintiff.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

30. Please indicate the exact mileage of the vehicle each time the vehicle was returned

to Defendant's factory for repairs.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

31. Please indicate the total mileage how many miles were accumulated just for the

purpose of getting the vehicle back to Defendant's plant and returning it to Plaintiff?

12

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

32. If not already provided, list all warranty claims submitted by Defendant's authorized dealers to Defendant in which said dealers requested reimbursement for warranty repairs performed on the vehicle. For all such claims, please provide all documents associated with the warranty claim and list the dollar amount that defendant reimbursed each authorized dealer.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

33. If warranty claims were submitted to any other warrantor who supplied component parts used in the assembly of the vehicle, list all warranty claims submitted by any warrantor who supplied component parts to Defendant. For all such claims, please provide all documents associated with the warranty claim and list the dollar amount that the warrantor reimbursed each authorized dealer.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

13

34.     Were any repairs performed on the subject vehicle for which there was no charge

and/or the repairs were not covered by the applicable warranties for the subject vehicle. Please list

all such repairs.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore
governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-
complaint discovery may only be sought "where the information sought is material and necessary
to the filing of the complaint and the discovery will not cause unreasonable annoyance,
embarrassment, oppression, burden or expense to any person or party." The instant discovery is
beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert
other objections concerning the scope, subject matter, relevance, etc. of this request.

35.     According to Defendant's records, list each complaint received by Plaintiff

concerning the vehicle and identify defendant's specific response since the date of purchase by

Plaintiff until Plaintiff's notice of rejection of the vehicle.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore
governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-
complaint discovery may only be sought "where the information sought is material and necessary
to the filing of the complaint and the discovery will not cause unreasonable annoyance,
embarrassment, oppression, burden or expense to any person or party." The instant discovery is
beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert
other objections concerning the scope, subject matter, relevance, etc. of this request.

36.     Please provide the names, addresses and titles of all individuals employed by

defendant who have reviewed plaintiff's claims regarding the subject vehicle.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore
governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-
complaint discovery may only be sought "where the information sought is material and necessary
to the filing of the complaint and the discovery will not cause unreasonable annoyance,
embarrassment, oppression, burden or expense to any person or party." The instant discovery is
beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert
other objections concerning the scope, subject matter, relevance, etc. of this request.

37.     If you have not done so already, provide all communications, internal and external,

to which Randy Hauser was a party and the to which the vehicle was the subject matter.

**ANSWER:**   Objection.   Plaintiff served this discovery Pre-Complaint making it therefore
governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-
complaint discovery may only be sought "where the information sought is material and necessary

14

to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

38.     Please provide the telephone log of any employee, agent, or representative of Forest

River identifying each phone call by and between Plaintiff and Randy Hauser from the date of

purchase to the present. For each such phone contact list the parties to the call, the date of the call,

the time of the call, the length of the call and subject matter of the call.

**ANSWER:**   Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

39.     List any facts that Defendant would rely on that the vehicle did not display electrical

system defects on more than three occasions.

**ANSWER:**   Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

40.     List any facts that Defendant would rely on that the vehicle did not display

Hydraulic system defects on more than three occasions.

**ANSWER:**   Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

15

41.    List any facts that Defendant would rely on that the vehicle did not display

mechanical systems defects on more than three occasions.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

42.    Does defendant provide training programs, manuals, videotapes, or other materials

to its employees, agents or representative regarding the "Lemon Law" or other breach of warranty

laws. If so, please describe the nature and extent of such training.

**ANSWER:** Objection. Plaintiff served this discovery Pre-Complaint making it therefore governed by Pennsylvania Rule of Civil Procedure 4003.8. According to the governing Rule, pre-complaint discovery may only be sought "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." The instant discovery is beyond the scope of permissible pre-complaint discovery. Defendant reserves the right to assert other objections concerning the scope, subject matter, relevance, etc. of this request.

Respectfully Submitted,

PION NERONE GIRMAN WINSLOW
& SMITH, P.C.

By: _____

Timothy Smith, Esquire
Pa. I.D. No. 43675
Julie A. Brennan, Esquire
Pa. I.D. No. 306987
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
412-281-2288
Attorneys for Defendant, Forest River, Inc.

16

## VERIFICATION

I, Dan Evans, of Forest River, Inc., am authorized to sign the Verification and have read the foregoing Answers and Responses to Plaintiff's Document Requests Directed to Defendant to Aid in the Preparation of a Complaint. The statements of fact contained therein are true and correct to the best of my knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities which provides that if I make knowingly false statements I may be subject to criminal penalties.

Dated: _10/3/19_

17

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel of

record, via email, this 3rd day of October, 2019, as follows:

Michael J. Musone, Esquire
120 West Tenth Street
Erie, Pa  16501
(814) 459-2800
mmusone@kmgslaw.com
clamary@kmgslaw.com
Counsel for the Plaintiff

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: Julie a Brennan

Timothy Smith, Esquire
Julie A. Brennan, Esquire

18

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS ) OF ERIE COUNTY, PENNSYLVANIA ) ) |
| Plaintiff | ) CIVIL ACTION - LAW ) |
| vs. | ) NO.  12019-2019 ) |
| FOREST RIVER, INC., | ) ) |
| Defendant | ) ) |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

Plaintiff's Motion to Compel, it is hereby ORDERED that said Motion is GRANTED.  Within

10 days of the date of this Order, Forest River must respond, without objection, to paragraphs

1-6, 9-11, 13, 15-17, 19, 21, 32 and 33 of Plaintiff's Interrogatories and Requests for Production

of Documents.

BY THE COURT:


_____ J.

THE LUTHERAN HOME FOR THE          )    IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT          )    OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE-          )
NORTHWESTERN PENNSYLVANIA,         )
                                   )    CIVIL ACTION - LAW
            Plaintiff              )
                                   )
      vs.                          )    NO.  12019-2019
                                   )
FOREST RIVER, INC.,                )
                                   )
            Defendant              )

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Michael J. Musone

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE | ) | IN THE COURT OF COMMON PLEAS |
| AGED d/b/a THE VILLAGE AT | ) | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE d/b/a LIFE- | ) | |
| NORTHWESTERN PENNSYLVANIA, | ) | |
| | ) | CIVIL ACTION - LAW |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | NO.  12019-2019 |
| | ) | |
| FOREST RIVER, INC., | ) | |
| | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6ᵗʰ day of November, 2019, a copy of the

within document was served on all counsel of record and unrepresented parties in accordance

with the applicable rules of court.

Michael J. Musone

# 2113340.v1

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE LUTHERAN HOME FOR THE    :
AGED d/b/a THE VILLAGE AT    :
LUTHER SQUARE d/b/a LIFE-    :
NORTHWESTERN PENNSYLVANIA,    :
         Plaintiff    :
                           :
    vs.    :    NO. 12019 - 2019
                           :
FOREST RIVER, INC.,    :
         Defendant    :

### NOTICE OF HEARING ORDER

AND NOW, to-wit, this 8th day of November, 2019, a hearing/argument on the
Motion to Compel, filed by Michael J. Musone, Esquire for Plaintiff, The Lutheran Home for the
Aged d/b/a The Village at Luther Square d/b/a Life-Northwestern Pennsylvania, is scheduled for
**November 22, 2019 at 2:30 p.m.**, in Courtroom G, Room 222, Erie County Court House, Erie,
Pennsylvania. Counsel may participate in the hearing by telephone. Counsel will arrange for
telephone communication through Court Call (See attached).

                BY THE COURT:

                _____    _____
                Stephanie Domitrovich       Judge

cc:   Michael J. Musone, Esquire, 120 West Tenth Street, Erie, PA   16501
       Julie A. Brennan, Esquire, 420 Fort Duquesne Boulevard, Pittsburgh, PA    15222

# IMPORTANT NOTICE:

**AMERICANS WITH DISABILITIES ACT OF 1990** – The Court of Common Pleas of Erie
County is required by law to comply with the Americans with Disabilities Act of 1990.  For
information about accessible facilities and reasonable accommodations available to disabled
individuals having business before the Court, please contact the Court's ADA Coordinator at Erie
County Court of Common Pleas, 140 West Sixth Street, Room 205, Erie, PA  16501-1030, Phone
(814) 451-6308, TDD (814) 451-6237, E-mail courtadacoordinator@eriecountypa.gov  Requests
should be made as soon as possible or at least three business days prior to any hearing or business
before the Court.

EXHIBIT

A 14

## Notice of Language Rights



Language Access Coordinator
Erie County Courthouse, 140 West Sixth Street, Erie, PA, 16501
814-451-6310
LanguageAccessCoordinator@eriecountypa.gov

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文:** 您有权获得免费的口译员服务。若需要口译员，请使用本通知上方提供的联系信息通知法院工作人员。

**Mandarin/Cantonese Traditional Chinese/普通話/廣東話繁體中文:** 您有權要求免費傳譯服務。如欲要求傳譯服務，請參閱本通知頂部的聯絡資料，通知法庭職員。

**Arabic/العربية :** يحق لك الحصول على مترجم دون دفع أي تكلفة من جانبك، لطلب مترجم، يُرجى إعلام موظفي المحكمة باستخدام معلومات الاتصال المقدمة في الجزء العلوي من هذا الإشعار.

**Russian/Русский:** У вас есть право на бесплатные услуги переводчика. Заявка на переводчика подается в суд по адресу, телефону или эл. почте, указанным выше в заголовке этого уведомления.

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**Nepali/नेपाली:** तपाईंको निःशुल्क रूपमा भाषा अनुवादक राख्न पाउने अधिकार छ। अनुवादकको लागि अनुरोध गर्न, यस सूचनाको माथि दिइएको सम्पर्क जानकारी भरेर अदालतका कर्मचारीहरूलाई जानकारी दिनुहोस्।

**Korean/한국어:** 귀하는 비용에 대한 부담 없이 통역 서비스를 받을 권리가 있습니다. 통역 서비스를 요청하려면 본 통지서의 상단에 기재된 연락처를 통해 법원 직원에게 알리십시오.

**Polish/Polski:** Ma Pan/Pani prawo do nieodpłatnego skorzystania z usług tłumacza ustnego. Aby zwrócić się o wsparcie ze strony tłumacza ustnego, proszę skontaktować się z pracownikami sądu, korzystając z danych znajdujących się w górnej części niniejszego dokumentu.

**Punjabi پنجابی /Pakistan:** تہاڈے کول بغیر ادائیگی کیتیاں اک مترجم حاصل کرن دا حق اے۔ مترجم دی درخواست کرن لئی، میربانی کر کے ایس نوٹس دے اوتے فرابم کیتیاں رابطے دیاں معلومات نوں ورتدیاں عدالت دے عملے نوں اطلاع دوو۔

**Punjabi/ਪੰਜਾਬੀ /India:** ਤੁਹਾਨੂੰ ਇਕ ਦੁਭਾਸ਼ੀਆ ਹਾਸਲ ਕਰਨ ਦਾ ਹੱਕ ਹੈ, ਜਿਸ ਦੀ ਤੁਹਾਨੂੰ ਕੋਈ ਲਾਗਤ ਨਹੀਂ ਲੱਗੇਗੀ। ਦੁਭਾਸ਼ੀਏ ਲਈ ਬੇਨਤੀ ਕਰਨ ਵਾਸਤੇ, ਕਿਰਪਾ ਕਰ ਕੇ ਅਦਾਲਤ ਦੇ ਅਮਲੇ ਨੂੰ ਜਾਣੂ ਕਰਵਾਓ ਤੇ ਇਸ ਲਈ ਇਸ ਨੋਟਿਸ ਦੇ ਸਿਖਰ ਉੱਤੇ ਦਿੱਤੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਦਾ ਇਸਤੇਮਾਲ ਕਰੋ।

**Portuguese/Português:** Você tem direito a um intérprete gratuitamente. Para solicitar um intérprete, informe à nossa equipe usando os dados de contato mostrados na parte superior deste aviso.

**Somali/Somaali:** Waxaad xaq u leedahay in lagu turjumo lacag la'aan ah. Si aad u codsato turjumaanka, fadlan u sheeg maxkamadda shaqaalaha adiga oo isticmaala macluumaadka ciwaanka kor lagu siiyay ee ogeysiiskaan.

**Haitian Creole/Kreyòl Ayisyen:** Ou gen dwa resevwa sèvis yon entèprèt gratis. Pou mande pou yon entèprèt, tanpri fè manm pèsonèl tribinal la konnen lè ou sèvi avèk enfòmasyon an yo te bay ou nan tèt avi sa a.

**French/Français :** Vous avez le droit de bénéficier gratuitement de l'assistance d'un interprète. Pour en faire la demande, veuillez en informer le personnel du tribunal à l'aide des coordonnées indiquées en haut de page.

# MEMORANDUM

**TO:**        **All Counsel**

**FROM:**     **JUDGE STEPHANIE DOMITROVICH, ERIE COUNTY COURT OF COMMON PLEAS**

**RE:**        **CourtCall Telephonic Appearances**

**DATE:**     **FEBRUARY 2010**

In my courtroom, CourtCall appearances may generally be made for all non-evidentiary appearances including Pre-trial Conferences, Status Conferences and Motions. CourtCall is providing equipment to enhance the process. It is my hope that by making the process more uniform, your practice will become more productive and enjoyable so that the cost of litigation will be further reduced.

Counsel may make a CourtCall Appearance by serving and filing with CourtCall (not the Court), NOT LESS THAN THREE (3) COURT DAYS PRIOR TO THE HEARING DATE, a Request for Telephonic Appearance Form and paying a fee of $55.00 for each CourtCall Appearance. There are no subscription fees.

A CourtCall Appearance is made as part of a Court's regular calendar and all counsel who have timely filed their request form and paid the fee may appear by dialing the Courtroom's dedicated **toll free teleconference number, and access code (if any) which will be provided by CourtCall, LLC on the confirmation faxed to your office.** A pre-hearing check-in will occur five minutes prior to the scheduled hearing time. A CourtCall Appearance is voluntary and may be made without consent of the other party, and the Court continues to reserve the right to reject any request. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone provided by CourtCall.

You may obtain additional information by calling the CourtCall Program Administrator, **CourtCall at (310) 342-0888 or (888) 882-6878**.

For more information about CourtCall please call CourtCall, LLC, not the Court!!

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

      Plaintiffs,

      v.

FOREST RIVER, INC.,

      Defendant.

No.  12019-2019

**DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRE-
COMPLAINT DISCOVERY**

Filed on behalf of Defendant,
Forest River, Inc.

Counsel of record for this party:

Timothy Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA  15222
412-281-2288



EXHIBIT

A 15

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN          No. 12019-2019
PENNSYLVANIA,

     Plaintiffs,

        v.

FOREST RIVER, INC.,

     Defendant.

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRE-COMPLAINT DISCOVERY**

This case was instituted by Writ of Summons on July 30, 2019. By Praecipe dated September 6, 2019, Defendant requested that the Prothonotary issue a Rule to file a complaint. Thus, on September 9, 2019, the Prothonotary issued a Rule directing the Plaintiff to file a complaint within twenty (20) days or suffer a judgment of non pros. In the meantime, the Plaintiff served a broad, sweeping set of Interrogatories and Document Requests under the stated authority of Pennsylvania Rule of Civil Procedure 4003.8(a) as pre-complaint discovery. The parties agreed to temporarily suspend the effect of the Rule in an effort to work out the scope of any pre-complaint discovery. When an agreement could not be reached, Defendant provided limited discovery responses on October 3, 2019. Hearing nothing for a period of more than three weeks, the Defendant then issued a Notice of Praecipe to Enter Judgment of Non Pros. That Notice was met with a Motion for Stay, and the instant Motion to Compel.

The overwhelming subject matter of Plaintiff's pre-complaint discovery is a $255,000 luxury motorhome purchased by Mark Gusek as President and CEO of The Lutheran Home for the Aged/the Village of Luther Square/Life-Northwestern Pennsylvania. The purchase agreement for the unit is dated May 3, 2018. The purchase was made from National RV Detroit, Inc. The

1

plaintiff either had the foregoing information, or was provided with the same in Defendant's pre-complaint discovery responses.

The Motion to Compel recites that since the purchase of the luxury motorhome, the Plaintiff has had it in for service numerous times for various electrical and mechanical issues. Presumably, the Plaintiff would know what issues required service, or be able to make that determination either from the documentation previously provided by the Defendant after each service or from the documentation the Plaintiff provided to the Defendant at the time of service. Moreover, if this action will eventually be based upon Defendant's service(s) to the luxury motorhome, then the specific details of each service may not be necessary to formulate a complaint.

The Motion to Compel asserts that the purpose of the pre-complaint discovery was to obtain information regarding the luxury motorhome, including its manufacturing process and repair history. The Plaintiff did not identify any cause of action which would require a recitation of the motorhome's manufacturing process in the operative pleading. Moreover, as stated, if the cause of action Plaintiff eventually intends to assert is based upon the repair history of the motorhome, then the Plaintiff should already possess more than enough factual information to formulate the operative pleading.

The scope of pre-complaint discovery is not simply "more restricted than typical discovery". Rather, our Supreme Court has adopted the requirement that a plaintiff "show probable cause to believe that pre-complaint discovery is necessary to the formulation of a legally sufficient complaint...." McNeil v. Jordan, 894 A.2d 1260, 1275 (Pa. 2006). That requirement was adopted to "ensure an objective, unified standard, which at once permits a plaintiff who can meet it the opportunity to use pre-complaint discovery to garner sufficient supplemental information to allow the filing of a sustainable complaint, and, conversely, protects defendants

from bad faith, negligent, reckless, or malicious conduct resulting in an unjustifiable intrusion into defendant's affairs." Id.

> Accordingly, to obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. A plaintiff should describe with reasonable particularity probable cause for believing the information will materially advance his pleading, as well as averring that, but for the discovery requests, he will be unable to formulate a legally sufficient pleading. Under no circumstance should a plaintiff be allowed to embark on a "fishing expedition," or otherwise rely on an amorphous discovery process to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard. The reasonableness of a given request, as well as the existence of probable cause and the good faith of the party seeking discovery, are matters for the trial court to determine in the exercise of its sound discretion.

Id. at 1278. Thus, the question is not whether the discovery requests are "overly burdensome, oppressive or expensive to respond to" (Motion ¶ 13) – a statement with which the Defendant disagrees. Moreover, a Plaintiff cannot utilize pre-complaint discovery "to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process" – such as a potential fraud claim as alleged in Paragraph 12 of the Motion. The question is whether the Plaintiff requires the information sought in order to file a complaint based upon a cause or causes of action it can anticipate prior to the pre-complaint process, and the burden is on the Plaintiff to describe with reasonable particularity how the information will materially advance its pleading.

Plaintiff describes the instant discovery as involving five categories of requests: background and authorization information regarding Defendant's responses; information about the motorhome's manufacturing process and testing; repair and modification information; Defendant's knowledge of the motorhome's defects; and information regarding the motorhome's warranty claims. (Motion ¶ 11). A review of the discovery requests makes patently clear that the information requested in Plaintiff's pre-complaint discovery is not required in order for the Plaintiff to file a complaint and materially advance its pleading.

Interrogatory Nos. 1-5 request the identity of each and every person involved in or providing any modicum of any information necessary to respond to the discovery requests, their position, responsibilities, the reason that person was consulted; whether certain persons have authority to bind the Defendant; whether any documents were reviewed; if there was an attempt to contact a person and the attempt was unsuccessful, "explain why you could not do so. Also explain why you wanted to speak to that person and the nature and extent, by your understanding, of their knowledge." (Interrogatory No. 5). Similarly, Interrogatory No. 6 asks for an explanation as to why, if applicable, "you have not spoken to anyone or referred to any documents." The foregoing Interrogatories not only surpass the bounds of permissible pre-complaint discovery, they surpass the Scope of Discovery Generally. Pursuant to Pennsylvania Rule of Civil Procedure 4003.1, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... including ... the identity and location of persons having knowledge of any discoverable matter." Pa. R.C.P. 4003.1(a). If and to the extent any portion of Interrogatories 1 through 6 is appropriate under the general discovery process, then the information requested therein is certainly not necessary for the Plaintiff to file a complaint or materially advance its pleading.

Interrogatory No. 9 requests the date the original manufacture of the vehicle was completed. Interrogatory No. 10 asks whether Defendant conducted a road test of the vehicle prior to delivery to a dealership, along with the details and documents related thereto. Interrogatory No. 13 asks about any inspections on the vehicle prior to it leaving Defendant's plant, and the details and documents related thereto. These three Interrogatories do involve the "manufacturing process and testing", but the details requested therein are not remotely necessary for the Plaintiff to file a complaint or materially advance its pleading.

4

As requests involving repair and modification information, the Plaintiff lists Interrogatory Nos. 11, 15, 16, 17 and 21. Number 11 asks whether any repairs, modifications or alterations were completed to the vehicle from the date it left the Defendant's plant, and the date it was purchased by the Plaintiff, and all of the details related to any such repair, modification or alteration. Number 15 involves work of any nature during the Plaintiff's ownership, with all related details including "the name and job descriptions of the individuals(s) who performed the work." Number 16 similarly requests the identities of all repair facilities, garages or individuals who inspected or performed any work on the vehicle during the Plaintiff's ownership. Number 17 requests all documents related to any repair, inspection or service on the vehicle. In Number 21, Plaintiff asks Defendant to "list each date that warrant work was performed on the vehicle. For each such date, provide all written communication concerning the warranty work along with the entity undertaking the warranty work." All of the foregoing specific dates and specific details of each specific repair, modification, alteration, inspection or service on the motorhome at any time are not required under Pennsylvania's fact-pleading standard for a complaint, and therefore will not materially advance the Plaintiff's pleading.

In Number 19, which Plaintiff describes as involving Defendant's knowledge of the motorhome's defects, the request provides as follows:

> In conjunction with the sale of the vehicle to the Plaintiff, please list any representative of the selling dealership who Defendant communicated with regarding any defect, issue or problem related to the vehicle after Plaintiff's purchase of the vehicle, providing:
>
> a.   The date of each communication;
>
> b.   The name(s) and address(s) of each individual(s) involved in the communication;
>
> c.   The reason for the communication;
>
> d.   The specific content of such communication;
>
> e.   The specific result of each communication;

    f.  All documents generated as a result of the communication.

While Interrogatory No. 19 may be appropriate for general discovery, none of the information requested in Interrogatory No. 19 is required for Plaintiff's operative pleading.

Finally, Interrogatories 32 and 33 pertain to the motorhome's warranty claims, requesting all warranty claims submitted by an authorized dealer to the Defendant, and warranty claims submitted to any other warrantor who supplied component parts for the motorhome. Once again, such details are not required under Pennsylvania's fact-pleading standard for a complaint, and therefore will not materially advance the Plaintiff's pleading.

This Court should deny Plaintiff's Motion to Compel any further pre-complaint discovery, and compel the Plaintiff to file a Complaint in the case. The instant Motion to Compel merely states that the information requested is necessary in order for the Plaintiff to prepare its complaint, and then generally lists the broad categories of some of the discovery requests. Plaintiff's Motion to Compel does not satisfy the probable cause standard required under McNeil. *See* Cooper v. Frankford Health Care Sys., 960 A.2d 134 (Pa. Super. 2008). Moreover, a cursory review of the requested discovery reveals that it is not required for the Plaintiff to file a complaint and materially advance its pleading.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

No. 12019-2019

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Compel Pre-Complaint Discovery was served upon counsel of record by Electronic Mail, this 20th day of November, 2019, as follows:

<div align="center">

Michael J. Musone, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pa 16501
mmusone@kmgslaw.com
clamary@kmgslaw.com
*(Counsel for Plaintiff)*

</div>

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

THE LUTHERAN HOME FOR THE AGED :    IN THE COURT OF COMMON PLEAS
d/b/a THE VILLAGE AT LUTHER         :    OF ERIE COUNTY, PENNSYLVANIA
SQUARE d/b/a LIFE-NORTHWESTERN   :
PENNSYLVANIA,                     :
               Plaintiff       :
                              :
   v.                          :    NO. 12019-2019
                              :
FOREST RIVER, INC.,            :
               Defendant   :



## ORDER

      AND NOW, to-wit, on this 22nd day of November, 2019, at the time of the scheduled argument on Plaintiff's Motion to Compel, at which Michael Musone, Esq. appeared on behalf of Plaintiff and withdrew said Motion with regard to Interrogatories and Requests for Production as to paragraphs 1-6; Julie A. Brennan, Esq. appeared on behalf of Defendant; and upon consideration of all relevant rules of court, statutory law and case law, it is hereby **ORDERED, ADJUDGED, AND DECREED** Plaintiff's Motion to Compel is **GRANTED** and all objections to Plaintiff's requests are **OVERRULED**. Defendant's counsel has twenty (20) days from the date of this Order to respond to paragraphs 9-11, 13, 15-17, 19, 21, 32, and 33 of Plaintiff's Interrogatories and Requests for Production of Documents.

      If Defendant's counsel fails to respond timely to said paragraphs, Plaintiff's counsel may make an appropriate Motion for Sanctions.

                           BY THE COURT:

                           Stephanie Domitrovich, Judge

**EXHIBIT**

tabbies   A 16

cc:    Michael Musone, Esq., 120 West Tenth Street, Erie, PA 16501
        Julie A. Brennan, Esq., 420 Fort Duquesne Boulevard, Pittsburgh, PA 15222



**Office of Clerk of Records**

Erie County Courthouse • 140 West Sixth Street • Erie, Pennsylvania 16501

☐ Clerk of Courts - Room 103      ☐ Recorder of Deeds - Room 121

☑ Prothonotary - Room 120      ☐ Register of Wills - Room 122

**Kenneth Gamble**
*Clerk of Records*



neopost
11/26/2019
US POSTAGE $000.45

FIRST-CLASS MAIL
PRSRT



ZIP 16501
041M12251086

Julie A. Brennan, Esquire
420 Fort Duquesne Boulevard
Pittsburgh, PA   15222

NIXIE      152   DE 1300      0012/10/19

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

JAVDSMP IA52:   BC: 16501101199    *0596-01494-26-46
16501>1011

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

No.  12019-2019

          Plaintiffs,

**ENTRY OF APPEARANCE**

       v.

Filed on behalf of Defendant,
Forest River, Inc.

FOREST RIVER, INC.,

Counsel of record for this party:

       Defendant.

Timothy Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA  15222
412-281-2288



EXHIBIT

tabbies

A 18

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER          No.  12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

     Plaintiffs,

        v.

FOREST RIVER, INC.,

     Defendant.

### ENTRY OF APPEARANCE

Kindly enter the appearance of Timothy Smith, Esquire and Julie A. Brennan, Esquire, and

Pion, Nerone, Girman, Winslow & Smith, P.C., on behalf of Defendant, Forest River, Inc., in the

above matter.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

## ATTORNEY CERTIFICATION

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Julie A. Brennan

DATED: 12/26/19

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the foregoing Entry of Appearance was served upon counsel of record by Electronic Mail, this 26th day of December, 2019, as follows:

Michael J. Musone, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pa 16501
mmusone@kmgslaw.com
clamary@kmgslaw.com
*(Counsel for Plaintiff)*

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _Julie A Brennan_
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

# Pion | Nerone, Girman, Winslow & Smith, P.C.

Julie A. Brennan
(412) 618-3541
jbrennan@pionlaw.com

December 26, 2019

**Via Facsimile: (814) 451-7434**
The Honorable Stephanie Domitrovich
140 West 6th Street, Room 223
Erie, PA  16501

RE:     The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a
        Life-Northwestern Pennsylvania, v. Forest River, Inc.
        Case No. 12019-2019

Dear Judge Domitrovich:

We received the Order entered on November 25, 2019 in this matter for the first time on December 24, 2019. We spoke with the Prothonotary about the Order, and we are concerned that our address may not be accurately noted in the Court's system. As such, we are filing an Entry of Appearance in this matter (a separate filing which was overlooked because there is no Complaint in the case). A copy of the Entry is enclosed for your convenience. Please ensure that the Court includes "1500 One Gateway Center" on all mailings to our office related to this case.

We note that although we did not receive the November 25, 2019 Order, we did comply with the Court's directive in providing supplemental discovery responses in this case. We served Defendant's Supplemental discovery responses on December 12, 2019.

If the Court has any questions, please do not hesitate to contact us.

Very truly yours,

Julie A. Brennan
JAB/lmc
Enclosure
cc:     ~~Prothonotary (w/ encl.)~~
        Michael J. Musone, Esquire (w/ encl.)
        Timothy Smith, Esquire

**EXHIBIT**
A 19

---

**Pittsburgh**
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, Pennsylvania 15222
Main: (412) 281-2288 • Fax: (412) 281-3388

**Harrisburg**
Payne Shoemaker Building, 10th Floor
240 North Third Street
Harrisburg, Pennsylvania 17101
Main: (717) 737-5833 • Fax: (717) 737-5553

24-Hour Emergency Response Number: (412) 600-0217 • www.pionlaw.com
Licensed in Pennsylvania, Ohio, West Virginia

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

        Plaintiff,

        v.

FOREST RIVER, INC.,

        Defendant.

No. 12019-2019

**PRAECIPE TO ENTER JUDGMENT OF NON PROS**

Filed on behalf of Defendant,
Forest River, Inc.

Counsel of record for this party:

Timothy Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA 15222
412-281-2288



EXHIBIT

A 20

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER      No. 12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

       Plaintiff,

         v.

FOREST RIVER, INC.,

       Defendant.

## PRAECIPE TO ENTER JUDGMENT OF NON PROS

TO THE PROTHONOTARY

       Pursuant to Pennsylvania Rule of Civil Procedure 1037, kindly enter judgment of non pros

against the Plaintiff, The Lutheran Home for the Aged, d/b/a The Village of Luther Square, d/b/a

Life-Northwestern Pennsylvania. In accordance with Rule 1037, the Prothonotary entered a Rule

on September 9, 2019, directing Plaintiff to file a Complaint. The Rule was served upon prior

counsel for the Plaintiff, Jeffrey J. Cole, Esquire, by certified mail, 7019-1120-0000-5329-0998,

being sent on September 11, 2019 and delivered on September 19, 2019. By Order entered

November 1, 2019, Plaintiff obtained a stay of Defendant's efforts to enter non pros. In particular,

"Plaintiff shall have 20 days to file its Complaint and judgment of non-pros will not be entered

unless Defendant resends the Notice required under Pa. R.C.P. 237 following expiration of this 20

day period." By Notice and letter dated January 2, 2020, Defendant served Plaintiff's counsel with

a Notice of Praecipe to Enter Judgment of Non Pros, a copy of which is attached hereto as Exhibit

"A". As of the close of business on January 14, 2020, a Complaint has not been filed by the

Plaintiff. Therefore, Defendant seeks the entry of non pros against the Plaintiff.

No.  12019-2019

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
Julie A. Brennan, Esquire

# Pion | Nerone, Girman, Winslow & Smith, P.C.

Julie A. Brennan
(412) 618-3541
jbrennan@pionlaw.com

January 2, 2020

**Via First Class Mail & Email: mmusone@kmgslaw.com**
Michael J. Musone, Esquire
Knox, McLaughlin, Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501

RE:   The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a
      Life-Northwestern Pennsylvania, v. Forest River, Inc.
      Case No. 12019-2019

Dear Mr. Musone:

Enclosed please find a Notice of Praecipe to Enter Judgment of Non Pros relative to the above-referenced matter.

Thank you for your attention to this matter.

Very truly yours,

Julie A. Brennan
JAB/lmc

Enclosure

cc:   Timothy Smith, Esquire



EXHIBIT
A

---

**Pittsburgh**
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, Pennsylvania 15222
Main: (412) 281-2288 • Fax: (412) 281-3388

**Harrisburg**
Payne Shoemaker Building, 10th Floor
240 North Third Street
Harrisburg, Pennsylvania 17101
Main: (717) 737-5833 • Fax: (717) 737-5553

24-Hour Emergency Response Number: (412) 600-0217 • www.pionlaw.com
Licensed in Pennsylvania, Ohio, West Virginia

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE AGED,
d/b/a THE VILLAGE AT LUTHER
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

      Plaintiff,

        v.

FOREST RIVER, INC.,

      Defendant.

No. 12019-2019

**NOTICE OF PRAECIPE TO ENTER
JUDGMENT OF NON PROS**

Filed on behalf of Defendant,
Forest River, Inc.

Counsel of record for this party:

Timothy Smith, Esquire
tsmith@pionlaw.com
Pa. I.D. No. 63282

Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pa. I.D. No. 306987

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA  15222
412-281-2288

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER          No. 12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

      Plaintiff,

          v.

FOREST RIVER, INC.,

      Defendant.

## NOTICE OF PRAECIPE TO ENTER JUDGMENT OF NON PROS

TO THE PLAINTIFF: The Lutheran Home for the Aged d/b/a The Village at Luther Square
d/b/a Life-Northwestern Pennsylvania

Date of Notice: January 2, 2020

### IMPORTANT NOTICE

    YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A COMPLAINT
IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS
NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND
YOU MAY LOSE YOUR RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE
PROPERTY OR OTHER IMPORTANT RIGHTS.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral & Information Service
P.O. Box 1792
Erie, PA 16507
(814) 459-4411

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
Julie A. Brennan, Esquire

No. 12019-2019

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Notice of Praecipe to Enter Judgment of Non Pros was served upon counsel of record by United States Mail and Electronic Mail, this 2nd day of January, 2020, as follows:

Michael J. Musone, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pa 16501
mmusone@kmgslaw.com
clamary@kmgslaw.com
*(Counsel for Plaintiff)*

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

No. 12019-2019

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Praecipe to Enter Judgment of Non Pros was served upon counsel of record by Electronic Mail, this 14th day of January, 2020, as follows:

Michael J. Musone, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pa 16501
mmusone@kmgslaw.com
clamary@kmgslaw.com
*(Counsel for Plaintiff)*

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By: _____
Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com

Counsel for Defendant,
FOREST RIVER, INC.

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) |
| Plaintiff | ) ) ) |
| vs. | ) ) |
| FOREST RIVER, INC., | ) ) |
| Defendant | ) ) |

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

NO.  12019-2019

## NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY RESPONSES FROM DEFENDANT

Please take notice that on the December 12, 2019, Defendant, Forest River Inc.'s

Supplemental Discovery Responses were served upon Plaintiff's counsel via email. (*See* Forest

River Inc.'s December 12, 2019, email, attached as Exhibit A).

Plaintiff filed a Motion to Stay regarding discovery issues in this matter.  Subsequently,

the Court entered an Order granting that motion and requiring the Complaint within 20 days after

resolution of Plaintiff's Motion to Compel. (*See* October 31, 2019 Order, attached as Exhibit B).

Twenty (20) days from the date of the resolution of Plaintiff's Motion to Compel was January 1,

2020, a Court holiday, making the date Plaintiff's Complaint due January 2, 2020.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY:

Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff

**EXHIBIT**

A 21

# 2131053.v1

## Lamary, Christina

| | |
|---|---|
| **From:** | Lisa Chismar <lchismar@pionlaw.com> |
| **Sent:** | Thursday, December 12, 2019 3:53 PM |
| **To:** | Musone, Michael; Lamary, Christina |
| **Cc:** | Julie Brennan; Timothy Smith; Christine Williams |
| **Subject:** | The Lutheran Home for the Aged v. Forest River, Inc. |
| **Attachments:** | Defendant's Supplemental Answers and Responses to Interrogatories & RFPD.pdf |

Mr. Musone:

Attached please find Defendant's Supplemental Answers and Responses to Interrogatories and Document Requests Directed to Defendant to Aid in the Preparation of a Complaint relative to the above-referenced matter.

Below is a Dropbox link containing documents responsive to the discovery requests:

https://www.dropbox.com/sh/agts7c8ozcibe77/AAAjWTi009Ggg3xiu2y9b046a?dl=0

*Lisa*

Lisa Chismar
Legal Assistant Jordan C. Hettrich
 & Julie A. Brennan
Pion, Nerone, Girman, Winslow & Smith, P.C.
420 Fort Duquesne Boulevard
1500 One Gateway Center
Pittsburgh, PA  15222
Telephone: 412-618-3540
Fax No.: 412-281-1299
lchismar@pionlaw.com



**EXHIBIT**

A

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |

THE LUTHERAN HOME FOR THE
AGED d/b/a THE VILLAGE AT
LUTHER SQUARE d/b/a LIFE-
NORTHWESTERN PENNSYLVANIA,      )   IN THE COURT OF COMMON PLEAS
                                )   OF ERIE COUNTY, PENNSYLVANIA
                                )
                                )
                                )   CIVIL ACTION - LAW
        Plaintiff               )
                                )
    vs.                         )   NO.  12019-2019
                                )
FOREST RIVER, INC.,             )
                                )
        Defendant               )

**ORDER**

AND NOW, this _31st_ day of _October_____, 2019, upon consideration of

Plaintiff's Motion to Stay, said Motion is GRANTED as follows:

1.    Plaintiff must file its Motion to Compel on or before November 7, 2019;

2.    Upon filing of the Motion to Compel, all other activities in this case are stayed pending resolution of the Motion to Compel;

3.    Following resolution of the Motion to Compel, Plaintiff shall have 20 days to file its Complaint and judgment of non-pros will not be entered unless Defendant resends the Notice required under Pa.R.C.P. 237 following expiration of this 20 day period.

BY THE COURT:

_Daniel J. Brabender_ J.

I, Kenneth J. Gamble, Prothonotary of the Court of Common Pleas of Erie County, Pa., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary: _____

Date: 11/1/19

Deputy: _____

EXHIBIT

B

| | | |
|---|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) ) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |
| Plaintiff | ) | CIVIL ACTION - LAW |
| vs. | ) ) ) | NO.  12019-2019 |
| FOREST RIVER, INC., | ) ) ) | |
| Defendant | ) | |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Michael J. Musone

# 2131053.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA,<br><br>   Plaintiff<br><br>  vs.<br><br>FOREST RIVER, INC.,<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br><br>NO.  12019-2019 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _15th_ day of January, 2020, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

_____
Michael J. Musone

# 2131053.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA |
| Plaintiff | CIVIL ACTION - LAW |
| vs. | NO. 12019-2019 |
| FOREST RIVER, INC., | |
| Defendant | |

## MOTION TO EXTEND DEADLINE TO FILE COMPLAINT

Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania ("Lutheran Home"), through its attorneys, Knox McLaughlin Gornall & Sennett, P.C. files this Motion for Stay, stating as follows:

1.      Lutheran Home initiated this action by filing a Writ of Summons against Forest River, Inc., arising from Lutheran Home's purchase of a recreational vehicle (the "RV") manufactured by Forest River.

2.      Lutheran Home served Forest River with pre-complaint discovery in order to obtain information regarding the RV including its manufacturing process and repair history.

3.      Forest River objected to most of the discovery requests, which prompted Lutheran Home to file a Motion to Stay, staying its deadline to file a complaint while it pursued a motion to compel.

4.      On October 31, 2019, the Court granted the Motion to Stay, staying the action while the parties resolved the discovery dispute. In that Order, the Court also gave Lutheran Home 20 days to file its complaint following resolution of its motion to compel and required Forest River's compliance with Pa.R.C.P. 237. (*See* October 31, 2019 Order, attached as Exhibit A).

**EXHIBIT**

tabbies®

A 22

5. On November 22, 2019, the Court granted Lutheran Home's Motion to Compel and required additional discovery responses from Forest River. (*See* November 22, 2019 Order, attached as Exhibit B). In that Order, the Court gave Forest River 20 days to serve additional responses.

6. Forest River served the additional discovery responses and documents on December 12, 2019, thereby resolving Lutheran Home's Motion to Compel.

7. Pursuant to the Court's October 31, 2019 Order, Lutheran Home had 20 days from December 12, 2019 to file its Complaint. That put the deadline at January 1, 2020, a court holiday. This meant the complaint was due on January 2, 2020.

8. On January 2, 2020, the same day Lutheran Home's complaint was due, Forest River sent a ten-day notice under Rule 237.1. Under Rule 237.1, this notice can only be sent after a default occurs. (*See* Explanatory Comment to Rule 237.1).

9. Because no default could have occurred until January 3, the ten-notice that was sent on January 2 was premature and ineffective to enter non pros.

10. Lutheran Home's counsel advised defendant's counsel of this error. However, defendant never sent a timely ten-day notice. Instead, on January 14, 2020, Forest River mailed a Praecipe to Enter Judgment of Non Pros.

11. Lutheran Home contends the requested non pros is improper because the ten-day notice was untimely.

12. Out of an abundance of caution and to avoid unnecessary motion practice, Lutheran Home requests an additional 10 days to file its complaint.

2

WHEREFORE, Lutheran Home requests that the Court grant this Motion and give

Lutheran Home an additional ten days to file its Complaint.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY:

Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff,
The Lutheran Home for the Aged d/b/a The
Village at Luther Square d/b/a LIFE-
Northwestern Pennsylvania

# 2113358.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) ) ) ) |
| | ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| FOREST RIVER, INC., | ) ) |
| Defendant | ) ) |

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

NO. 12019-2019

## ORDER

AND NOW, this __31st__ day of ___October___, 2019, upon consideration of

Plaintiff's Motion to Stay, said Motion is GRANTED as follows:

1.   Plaintiff must file its Motion to Compel on or before November 7, 2019;

2.   Upon filing of the Motion to Compel, all other activities in this case are stayed pending resolution of the Motion to Compel;

3.   Following resolution of the Motion to Compel, Plaintiff shall have 20 days to file its Complaint and judgment of non-pros will not be entered unless Defendant resends the Notice required under Pa.R.C.P. 237 following expiration of this 20 day period.

BY THE COURT:

_Daniel J. Brabender_ J.

I, Kenneth J. Gamble, Prothonotary of the Court of Common Pleas of Erie County, Pa., do certify that this is a true and correct copy of the original record filed in said court.

Prothonotary:

Date: 11/1/19

Deputy:

EXHIBIT

A

THE LUTHERAN HOME FOR THE AGED :
d/b/a THE VILLAGE AT LUTHER        :
SQUARE d/b/a LIFE-NORTHWESTERN    :
PENNSYLVANIA,                      :
                Plaintiff          :
        v.                         :
                                   :
FOREST RIVER, INC.,                :
                Defendant          :

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

NO. 12019-2019

## ORDER

AND NOW, to-wit, on this 22nd day of November, 2019, at the time of the scheduled argument on Plaintiff's Motion to Compel, at which Michael Musone, Esq. appeared on behalf of Plaintiff and withdrew said Motion with regard to Interrogatories and Requests for Production as to paragraphs 1-6; Julie A. Brennan, Esq. appeared on behalf of Defendant; and upon consideration of all relevant rules of court, statutory law and case law, it is hereby **ORDERED, ADJUDGED, AND DECREED** Plaintiff's Motion to Compel is **GRANTED** and all objections to Plaintiff's requests are **OVERRULED**. Defendant's counsel has twenty (20) days from the date of this Order to respond to paragraphs 9-11, 13, 15-17, 19, 21, 32, and 33 of Plaintiff's Interrogatories and Requests for Production of Documents.

If Defendant's counsel fails to respond timely to said paragraphs, Plaintiff's counsel may make an appropriate Motion for Sanctions.

BY THE COURT:

Stephanie Domitrovich, Judge

cc:   Michael Musone, Esq., 120 West Tenth Street, Erie, PA 16501
      Julie A. Brennan, Esq., 420 Fort Duquesne Boulevard, Pittsburgh, PA 15222



**EXHIBIT**

B

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS ) OF ERIE COUNTY, PENNSYLVANIA ) ) |
| Plaintiff | ) CIVIL ACTION - LAW ) |
| vs. | ) NO.  12019-2019 |
| FOREST RIVER, INC., | ) ) ) |
| Defendant | ) |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiff's Motion to Extend Deadline to File Complaint, said Motion is GRANTED.  Plaintiff's deadline to file its complaint is extended for an additional 10 days from the date of this Order..

BY THE COURT:

_____ J.

THE LUTHERAN HOME FOR THE      ) IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT      ) OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE-      )
NORTHWESTERN PENNSYLVANIA,     )
                              ) CIVIL ACTION - LAW
              Plaintiff        )
                              )
         vs.                   ) NO. 12019-2019
                              )
FOREST RIVER, INC.,            )
                              )
              Defendant        )

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Michael J. Musone

# 2113358.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS<br>) OF ERIE COUNTY, PENNSYLVANIA<br>)<br>) |
| Plaintiff | ) CIVIL ACTION - LAW<br>) |
| vs. | ) NO.  12019-2019<br>) |
| FOREST RIVER, INC., | )<br>) |
| Defendant | )<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the /5ᵗʰ day of January, 2020, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

Michael J. Musone

# 2113358.v1

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE LUTHERAN HOME FOR THE          :
AGED d/b/a THE VILLAGE AT          :
LUTHER SQUARE d/b/a LIFE-          :
NORTHWESTERN PENNSYLVANIA,         :
                    Plaintiff      :
                                   :
    vs.                            :          NO. 12019 - 2019
                                   :
FOREST RIVER, INC.,                :
                    Defendant      :

### NOTICE OF HEARING ORDER

AND NOW, to-wit, this 16th day of January, 2020, a hearing/argument on the Motion to Extend Deadline To File Complaint, filed by Michael J. Musone, Esquire for Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a Life-Northwestern Pennsylvania, is scheduled for **January 27, 2020 at 2:30 p.m.**, in Courtroom G, Room 222, Erie County Court House, Erie, Pennsylvania. Counsel may participate in the hearing by telephone. Counsel will arrange for telephone communication through Court Call (See attached).

                    BY THE COURT:

                    _Stephanie Domitrovich_          Judge

cc:    Michael J. Musone, Esquire, 120 West Tenth Street, Erie, PA   16501
       Julie A. Brennan, Esquire, 1500 One Gateway Center, 420 Fort Duquesne Boulevard,
                    Pittsburgh, PA   15222

## IMPORTANT NOTICE:

**AMERICANS WITH DISABILITIES ACT OF 1990** – The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court's ADA Coordinator at Erie County Court of Common Pleas, 140 West Sixth Street, Room 205, Erie, PA  16501-1030, Phone (814) 451-6308, TDD (814) 451-6237, E-mail courtadacoordinator@eriecountypa.gov  Requests should be made as soon as possible or at least three business days prior to any hearing or business before the Court.

EXHIBIT

A 23

# Notice of Language Rights



Language Access Coordinator
Erie County Courthouse, 140 West Sixth Street, Erie, PA, 16501
814-451-6310
LanguageAccessCoordinator@eriecountypa.gov

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文:** 您有权获得免费的口译员服务。若需要口译员，请使用本通知上方提供的联系信息通知法院工作人员。

**Mandarin/Cantonese Traditional Chinese/普通話/廣東話繁體中文:** 您有權要求免費傳譯服務。如欲要求傳譯服務，請參閱本通知頂部的聯絡資料，通知法庭職員。

**Arabic/العربية :** يحق لك الحصول على مترجم دون دفع أي تكلفة من جانبك، لطلب مترجم، يُرجى إعلام موظفي المحكمة باستخدام معلومات الاتصال المقدمة في الجزء العلوي من هذا الإشعار.

**Russian/Русский:** У вас есть право на бесплатные услуги переводчика. Заявка на переводчика подается в суд по адресу, телефону или эл. почте, указанным выше в заголовке этого уведомления.

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**Nepali/नेपाली:** तपाईंको निःशुल्क रूपमा भाषा अनुवादक राख्न पाउने अधिकार छ। अनुवादकको लागि अनुरोध गर्न, यस सूचनाको साथि दिइएको सम्पर्क जानकारी भरेर अदालतका कर्मचारीहरूलाई जानकारी दिनुहोस्।

**Korean/한국어:** 귀하는 비용에 대한 부담 없이 통역 서비스를 받을 권리가 있습니다. 통역 서비스를 요청하려면 본 통지서의 상단에 기재된 연락처를 통해 법원 직원에게 알리십시오.

**Polish/Polski:** Ma Pan/Pani prawo do nieodpłatnego skorzystania z usług tłumacza ustnego. Aby zwrócić się o wsparcie ze strony tłumacza ustnego, proszę skontaktować się z pracownikami sądu, korzystając z danych znajdujących się w górnej części niniejszego dokumentu.

**Punjabi/پنجابی /Pakistan:** تہاڈے کول بغیر ادائیگی کیتیاں اک مترجم حاصل کرن دا حق اے۔ مترجم دی درخواست کرن لئی، میربانی کر کے ایس نوٹس دے اُوتے فراہم کیتیاں رابطے دیاں معلومات نوں ورتدیاں عدالت دے عملے نوں اطلاع دیوو۔

**Punjabi/ ਪੰਜਾਬੀ /India:** ਤੁਹਾਨੂੰ ਇੱਕ ਦੁਭਾਸ਼ੀਆ ਹਾਸਲ ਕਰਨ ਦਾ ਹੱਕ ਹੈ, ਜਿਸ ਦੀ ਤੁਹਾਨੂੰ ਕੋਈ ਲਾਗਤ ਨਹੀਂ ਲੱਗੇਗੀ। ਦੁਭਾਸ਼ੀਏ ਲਈ ਬੇਨਤੀ ਕਰਨ ਵਾਸਤੇ, ਕਿਰਪਾ ਕਰ ਕੇ ਅਦਾਲਤ ਦੇ ਅਮਲੇ ਨੂੰ ਜਾਣੂ ਕਰਵਾਉ ਤੇ ਇਸ ਲਈ ਇਸ ਨੋਟਿਸ ਦੇ ਸਿਖਰ ਉੱਤੇ ਦਿੱਤੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਦਾ ਇਸਤੇਮਾਲ ਕਰੋ।

**Portuguese/Português:** Você tem direito a um intérprete gratuitamente. Para solicitar um intérprete, informe à nossa equipe usando os dados de contato mostrados na parte superior deste aviso.

**Somali/Somaali:** Waxaad xaq u leedahay in lagu turjumo lacag la'aan ah. Si aad u codsato turjumaanka, fadlan u sheeg maxkamadda shaqaalaha adiga oo isticmaala macluumaadka ciwaanka kor lagu siiyay ee ogeysiiskaan.

**Haitian Creole/Kreyòl Ayisyen:** Ou gen dwa resevwa sèvis yon entèprèt gratis. Pou mande pou yon entèprèt, tanpri fè manm pèsonèl tribinal la konnen lè ou sèvi avèk enfòmasyon an yo te bay ou nan tèt avi sa a.

**French/Français :** Vous avez le droit de bénéficier gratuitement de l'assistance d'un interprète. Pour en faire la demande, veuillez en informer le personnel du tribunal à l'aide des coordonnées indiquées en haut de page.

# MEMORANDUM

**TO:**        **All Counsel**

**FROM:**   **JUDGE STEPHANIE DOMITROVICH, ERIE COUNTY COURT OF COMMON PLEAS**

**RE:**        **CourtCall Telephonic Appearances**

**DATE:**    **FEBRUARY 2010**

In my courtroom, CourtCall appearances may generally be made for all non-evidentiary appearances including Pre-trial Conferences, Status Conferences and Motions. CourtCall is providing equipment to enhance the process. It is my hope that by making the process more uniform, your practice will become more productive and enjoyable so that the cost of litigation will be further reduced.

Counsel may make a CourtCall Appearance by serving and filing with CourtCall (not the Court), NOT LESS THAN THREE (3) COURT DAYS PRIOR TO THE HEARING DATE, a Request for Telephonic Appearance Form and paying a fee of $55.00 for each CourtCall Appearance. There are no subscription fees.

A CourtCall Appearance is made as part of a Court's regular calendar and all counsel who have timely filed their request form and paid the fee may appear by dialing the Courtroom's dedicated **toll free teleconference number, and access code (if any) which will be provided by CourtCall, LLC on the confirmation faxed to your office.** A pre-hearing check-in will occur five minutes prior to the scheduled hearing time. A CourtCall Appearance is voluntary and may be made without consent of the other party, and the Court continues to reserve the right to reject any request. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone provided by CourtCall.

You may obtain additional information by calling the CourtCall Program Administrator, **CourtCall at (310) 342-0888 or (888) 882-6878.**

For more information about CourtCall please call CourtCall, LLC, not the Court!!



# Pion | Nerone, Girman, Winslow & Smith, P.C.

Julie A. Brennan
(412) 618-3541
jbrennan@pionlaw.com

January 15, 2020

**Via FedEx**
Erie County Prothonotary
Erie County Courthouse, Room 120
140 West 6th Street
Erie, PA 17501

RE:   The Lutheran Home for the Aged, d/b/a The Village at Luther Square, d/b/a
      Life-Northwestern Pennsylvania, v. Forest River, Inc.
      Case No. 12019-2019

Dear Sir or Madam:

Enclosed please find three copies of a Notice of Entry of Judgment, an additional copy of
Defendant's Praecipe to Enter Judgment of Non Pros, the $16.50 filing fee, and a stamped envelope
for service of the Notice upon Plaintiff's counsel. We provided a self-addressed stamped envelope
with our January 14, 2020 letter. If you require anything addition, please let me know.

Thank you for your attention to this matter.

Very truly yours,

Julie A. Brennan
JAB/lmc

Enclosures

cc:   Timothy Smith, Esquire

**EXHIBIT**
tabbies
A 24

**Pittsburgh**
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, Pennsylvania 15222
Main: (412) 281-2288 • Fax: (412) 281-3388

**Harrisburg**
Payne Shoemaker Building, 10th Floor
240 North Third Street
Harrisburg, Pennsylvania 17101
Main: (717) 737-5833 • Fax: (717) 737-5553

24-Hour Emergency Response Number: (412) 600-0217 • www.pionlaw.com
Licensed in Pennsylvania, Ohio, West Virginia

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER      No. 12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

       Plaintiff,

         v.

FOREST RIVER, INC.,

       Defendant.

## **NOTICE OF ENTRY OF JUDGMENT**

TO THE PLAINTIFF: The Lutheran Home for the Aged d/b/a The Village at Luther Square
d/b/a Life-Northwestern Pennsylvania

Date of Notice: January ___, 2020

      And Now, to-wit: you are hereby notified that Judgment of Non Pros has been entered

against you.

      Witness my hand and the seal of said Court, at Erie, this _____ day of January, 2020.

(seal)

                                _____

                                    Prothonotary or Deputy

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER    No. 12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

     Plaintiff,

       v.

FOREST RIVER, INC.,

     Defendant.

## NOTICE OF ENTRY OF JUDGMENT

TO THE PLAINTIFF: The Lutheran Home for the Aged d/b/a The Village at Luther Square
d/b/a Life-Northwestern Pennsylvania

Date of Notice: January ___, 2020

     And Now, to-wit: you are hereby notified that Judgment of Non Pros has been entered

against you.

     Witness my hand and the seal of said Court, at Erie, this _____ day of January, 2020.

(seal)    _____

                Prothonotary or Deputy

No. 12019-2019

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

THE LUTHERAN HOME FOR THE
AGED, d/b/a THE VILLAGE AT LUTHER          No. 12019-2019
SQUARE, d/b/a LIFE-NORTHWESTERN
PENNSYLVANIA,

      Plaintiff,

         v.

FOREST RIVER, INC.,

      Defendant.

## <u>NOTICE OF ENTRY OF JUDGMENT</u>

TO THE PLAINTIFF: The Lutheran Home for the Aged d/b/a The Village at Luther Square
d/b/a Life-Northwestern Pennsylvania

Date of Notice: January ___, 2020

      And Now, to-wit: you are hereby notified that Judgment of Non Pros has been entered

against you.

      Witness my hand and the seal of said Court, at Erie, this _____ day of January, 2020.

(seal)                                    _____

                                       Prothonotary or Deputy

Pion | Nerone, Girman,
       | Winslow & Smith, P.C.

420 Fort Duquesne Blvd.
1500 One Gateway Center
Pittsburgh, Pennsylvania. 15222

NEOPOST        FIRST-CLASS MAIL
01/15/2020
US POSTAGE  $001.15⁰



ZIP 15222
041M11457242

Michael J. Musone, Esquire
Knox, McLaughlin, Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA  16501

THE LUTHERAN HOME FOR THE      )   IN THE COURT OF COMMON PLEAS
AGED d/b/a THE VILLAGE AT      )   OF ERIE COUNTY, PENNSYLVANIA
LUTHER SQUARE d/b/a LIFE-      )
NORTHWESTERN PENNSYLVANIA,     )
                               )   CIVIL ACTION - LAW
              Plaintiff        )
                               )
         vs.                   )   NO.  12019-2019
                               )
FOREST RIVER, INC.,            )
                               )
              Defendant.       )

**TO:**     **Forest River Inc.**
            **c/o Timothy R. Smith, Esquire**
            **Julie A. Brennan, Esquire**
            **Pion, Nerone, Girman Winslow & Smith, P.C.**
            **1500 One Gateway Center**
            **420 Fort Duquesne Boulevard**
            **Pittsburgh, Pennsylvania 15222**

**DATE:**   **January 22, 2020**

## NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

**EXHIBIT**

**A 25**

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYERS REFERRAL SERVICE
P.O. Box 1792
Erie, PA 16507

814/459-4411
Mon – Fri
8:30 a.m. – Noon, 1:15 p.m. -3:00 p.m.

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____
Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff,
The Lutheran Home for The Aged d/b/a the
Village at Luther Square d/b/a LIFE-
Northwestern Pennsylvania

| THE LUTHERAN HOME FOR THE | ) | IN THE COURT OF COMMON PLEAS |
| AGED d/b/a THE VILLAGE AT | ) | OF ERIE COUNTY, PENNSYLVANIA |
| LUTHER SQUARE d/b/a LIFE- | ) | |
| NORTHWESTERN PENNSYLVANIA, | ) | |
| | ) | CIVIL ACTION - LAW |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | NO. 12019-2019 |
| | ) | |
| FOREST RIVER, INC., | ) | |
| | ) | |
| Defendant | ) | |

## **COMPLAINT**

Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a

LIFE-Northwestern Pennsylvania ("Lutheran Home"), through its attorneys, Knox McLaughlin

Gornall & Sennett, P.C., files the following Complaint:

### **Parties and Background**

1.      Lutheran Home is a Pennsylvania corporation with a principal place of business

located in Erie Pennsylvania.

2.      The Defendant, Forest River, Inc., is an Indiana corporation with a principal place

of business located at 401 County Road 15, Elkhart, Indiana 46516.

3.      Among other things, Forest River manufactures recreational vehicles.

4.      In spring 2018, Lutheran Home purchased a 2018 Berkshire XLT 43B

recreational vehicle manufactured by Forest River, with VIN no. 4UZFCHFEXJCJ3083 (the

"Vehicle"), for $254,269.00

5.      The Vehicle came with a limited warranty that, for a period of one-year or 12,000

miles, whichever occurs first from date of purchase, the Vehicle's body structure would be free

of substantial defects in materials and workmanship attributable to Forest River. (*See* Warranty, attached hereto at Exhibit A and incorporated by reference).

### The Vehicle's numerous problems

6.      Before it even purchased the Vehicle, Lutheran Home experienced problems with the Vehicle.

7.      On or about March 22, 2018, Lutheran Home representatives flew to Detroit, Michigan to pick up the Vehicle. Upon arriving at the dealership, Lutheran Home's representative noted the following defects and brought them to Forest River's attention:

     (a)     Improperly installed by the items dealer;

     (b)     Incorrect ladder;

     (c)     Slide out not flush or locked;

     (d)     Air conditioning units scratched; and

     (e)     Check engine light on.

8.      Lutheran Home's representatives waited at the dealership while Forest River representatives attempted to repair the above defects.

9.      On or about March 22, 2018, after being notified that repairs were completed, Lutheran Home's representatives attempted to depart for Erie, Pennsylvania, but less than a mile and a half after departing, the Vehicle's "check engine" light came on again and the slide out began to spontaneously deploy.

10.     Lutheran Home's representatives immediately returned the Vehicle to Forest River's authorized representatives who took possession of the Vehicle and advised Lutheran Home's representatives to return to Erie, Pennsylvania and Forest River would notify Lutheran Home when the defects were repaired.

2

11.     After being notified that the Vehicle's defects were repairs, on or about May 3, 2018, Lutheran Home representatives made another trip to Detroit, Michigan and took possession of the Vehicle.

12.     While at the dealership on or about May 3, 2018, Lutheran Home noted that the rear passenger side battery access door was dented and the roof access ladder was severely malformed.

13.     At various times within 90 days after taking possession of the Vehicle, Lutheran Home experienced numerous problems with the Vehicle, including the following.

(a)     Both windshield wipers came off outside the dealership gate;

(b)     Air conditioning not working;

(c)     Slide-out continued to malfunction;

(d)     Numerous electrical problems;

(e)     Defective electrical transfer switch system;

(f)     Temperature sensors not working properly;

(g)     Main control

(h)     Extensive and widespread water intrusion in the Vehicle from various roof areas;

(i)     Leveling system not working properly, including spontaneously deploying while approaching a toll booth creating a life-threatening danger;

(j)     Televisions not working;

(k)     Engine exhaust smell throughout the cabin.

14.     On or about July 24, 2018, after being in constant contact with the Forest River regarding the above defects, Forest River finally decided to take possession of the Vehicle in

3

Erie, Pennsylvania for return to the manufacturing facility in Elkhart, Indiana to repair the Vehicle's defects.

15.     In July and August 2018, Forest River attempted to repair the Vehicle's various defects and notified Lutheran Home the Vehicle was repairs and ready for pick up.   These repairs were covered under Forest River's warranty.

16.     On or about August 8, 2018, Lutheran Home's CEO flew to Elkhart, Indiana to pick up the Vehicle.  Upon cursory review, Lutheran Home's CEO noted the water pump was still defective, wiring harnesses and fuses were incorrectly installed, entry steps operated in reverse and air conditioning condensation was leaking.

17.     Forest River instructed Lutheran Home's CEO to remain in Elkhart overnight while it attempted to repair the obvious defects.

18.     On or about August 9, 2019, after Forest River purportedly repaired the Vehicle's defects, Lutheran Home's CEO departed Elkhart. But within 48 hours, Lutheran Home again experienced problems with the Vehicle, including the following:

      (a)     Air conditioning not working;

      (b)     Slide-out not working properly to the extent that Forest River dispatched a technician to safely retract the slide out to a travel-safe position in order to safely transport passengers to Erie, Pennsylvania;

      (c)     Various electrical problems;

      (d)     Defective electrical transfer switch system;

      (e)     Leveling system not working properly;

      (f)     Televisions not working; and

      (g)     Engine exhaust smell throughout the cabin.

4

19.     In or about the week of August 13, 2018, Forest River again retrieved the Vehicle from Erie, Pennsylvania for return to Elkhart, Indiana to attempt to repair the Vehicle's various defects. These repairs were covered under Forest River's warranty and the Vehicle was returned to Lutheran Home by Forest River, who again informed Lutheran Home the Vehicle's defects were repaired.

20.     On or about November 1, 2018, less than 60 days after Forest River returned the Vehicle for the third time indicating the Vehicle's defects were repaired, Lutheran Home experienced the following defects:

      (a)     The air conditioning and heater core/exchange failed;

      (b)     Noxious exhaust fumes throughout cabin; and

      (c)     A windshield wiper on the Vehicle's driver side failed during a rainstorm, resulting in extremely dangerous driving conditions on the Pennsylvania Turnpike.

21.     Lutheran Home again notified Forest River of these defects and Forest River directed Lutheran Home to deliver the Vehicle to an authorized repair agent in Barkeyville, Pennsylvania. In Barkeyville, the Vehicle's heater core was replaced and the air conditioning system was recharged but the source of the exhaust leaks was not discovered.

22.     In late 2018 and early 2019, Lutheran Home experienced additional problems with the Vehicle, including:

      (a)     Air conditioning/heat pump not working;

      (b)     Various electrical problems;

      (c)     Defective electrical transfer switch system;

      (d)     Leveling system on working properly;

      (e)     Drivers' HVAC controls fell into the rear of the center console, which appeared to have been secured using hot glue;

      (f)     Substantial water and road-salt intrusions in cargo bay areas;

      (g)     Corrosion throughout Vehicle;

      (h)     Televisions not working; and

      (i)     Noxious engine exhaust smell throughout the cabin.

23.     On or about February 12, 2019, Forest River retrieved the Vehicle from Erie for a third time in order to return to the factory to attempt repairs. This service was covered under the Vehicle's warranty.

24.     On or about March 25, 2019, Forest River returned the Vehicle to Erie, again indicating the defects had been repaired.

25.     On or about June 4, 2019, Forest River dispatched a technician to Erie to change the Vehicle's hydraulic pump in yet another effort to correct the Vehicle's ongoing hydraulic system failures.

26.     In June and July 2019, Lutheran Home again experienced problems with the Vehicle when its leveling jacks did not work properly. Subsequently, Lutheran Home and Forest River were involved in conversations regarding the agreed-upon manner to correct/address the above-issues.

27.     On July 3, 2019, the Vehicle broke down when the annunciator panel displayed multiple warnings and the Vehicle was unable to enter a forward gear. The Vehicle was towed to a repair center authorized by Forest River. The Vehicle had approximately 7,000 miles at this time with nearly half of those miles incurred traveling for repairs.

28.     On or about July 14, 2019, Lutheran Home again notified Forest River of the following defects:

      (a)     Various electrical problems;

      (b)     Air conditioning/heat pump inconsistently working;

      (c)     Leveling system continued to be defective;

6

(d)     Tire issues and loose valve stems;

(e)     Jake brake returned from factory with one speed rather than the OEM 2 speeds;

(f)     Radio switch was re-wired incorrectly by factory;

(g)     Recurring water intrusion into cargo bay areas; and

(h)     Corrosion throughout Vehicle.

29.     On July 18, 2019, Lutheran Home was informed by the repair center that the Vehicle was not repaired because the authorized repair center could duplicate the defects and Lutheran Home was instructed to pick up the Vehicle.

30.     On or about July 18, 2019, following a conference call with Forest River management, Lutheran Home requested that the Vehicle again be returned to Forest River's manufacturing facility to again attempt to repair the Vehicle's defects.

31.     On or about July 29, 2019, Forest River took possession of the Vehicle to transport to its Elkhart facility. The Vehicle has been in Forest River's possession since that time.

32.     Lutheran Home disputed Forest River's claim that the Vehicle was problem-free and urged Forest River to undertake further investigations into the Vehicle's problems. Forest River refused to undertake any further investigations.

33.     Despite providing Forest River numerous opportunities, Forest River has refused to address and repair numerous problems with the Vehicle, including:

(a)     Air conditioning systems;

(b)     Various electrical problems;

(c)     Leveling system on working properly;

(d)     Cargo bay leaking;

(e)     Corrosion through the Vehicle;

7

(f)    Televisions not working; and

(g)    Engine exhaust smell throughout the cabin.

34.    Forest River repeatedly promised and assured Lutheran Home that it would correct the Vehicle's defects and deficiencies and render it properly functional.  But despite Forest River's promises and assurances, it has failed to make the Vehicle function properly in accordance with Forest River's representations and warranties, and the Vehicle remains defective to this day

35.    Lutheran Home has expanded considerable cost in trying to correct the Vehicle's various defects in materials and workmanship attributable to Forest River.

### Forest River's purported inspections of the Vehicle

36.    The Vehicle was manufactured in 2017.  As part of the Vehicle's manufacturing process, Forest River undertook quality control tests and other inspections to determine whether the Vehicle's various component parts operated properly.

37.    In July 2017, Forest River conducted various production inspection tests on the Vehicle that were signed by several "group leaders."  Results of the production inspections were kept on a "production inspection sheet."

38.    Upon information and belief, the group leaders who signed off on the Vehicle's production inspection sheet were employees of Forest River tasked with ensuring the Vehicle was properly constructed and that its various component parts operated properly.

39.    The Vehicle's July 2017 production inspection included a review of the Vehicle's various components, including its electrical system, chassis, floor, plumbing, slide-out, and trim.

40.    On the Vehicle's July 2017 production inspection sheet, group leaders signed off on the following, indicating their approval with same:

(a)    All electrical equipment was functioning (lights, switches, etc.);

8

(b)     Interior lights were installed correctly and operational;

(c)     Jacks and hydraulic hoses were inspected and operating correctly;

(d)     All wiring was properly routed and secured;

(e)     The hydraulic system was purged and checked for leaks;

(f)     Slide outs functioned correctly and were properly sealed; and

(g)     All interior doors were installed correctly and aligned.

41.     Upon information and belief, by signing off on the various items listed in the Vehicle's July 2017 production inspection sheet, Forest River's group leaders indicted their inspection of the noted component parts and that these component parts did not contain any defects or deficiencies.

42.     During subsequent quality control tests, the very same component parts that were approved by group leaders in the July 2017 production inspection sheet were found to contain problems.  In particular, in August 2017, Forest River employees noted various electrical problems with the Vehicle, including an inoperable furnace, range and heat pump, problems with air conditioning, leaks in the hydraulic system and problems with the slide outs.

43.     Based upon information and belief, had Forest River's group leaders actually inspected the Vehicle's various component parts listed in the Vehicle's July 2017 production inspection sheet, the issues identified in August 2017 would have been revealed in the July 2017 production inspection.

44.     Based upon information and belief, Forest River's group leaders did not conduct proper or thorough production inspections on the Vehicles yet signed off on the Vehicle's July 2017 production inspection sheet indicating that proper and thorough inspections took place.

45.     Based upon information and belief, proper and thorough production inspections would have revealed the Vehicle's widespread problems that continued through Lutheran

9

Home's ownership, including problems with the air conditioning, slide-outs, electrical, jacks/leveling systems, heat pump, leaking cargo bay, inoperable televisions and exhaust smell throughout the cabin.

## COUNT I
### REVOCATION OF ACCEPTANCE

46.     Lutheran Home incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     The agreement in which Lutheran Home purchased the Vehicle was a transaction involving the sale of "goods" as that term is used in the Uniform Commercial Code.

48.     Under The Uniform Commercial Code, a buyer is justified in revoking acceptance of a product whose nonconformity substantially impairs its value to him if he has accepted it on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured.

49.     Lutheran Home initially accepted the Vehicle without discovery of the Vehicle's various defects and deficiencies. Upon discovery of these defects and deficiencies, Lutheran Home provided Forest River multiple opportunities to cure the Vehicle defects and deficiencies.

50.     Forest River repeatedly promised and assured Lutheran Home that it would correct the Vehicle's defects and deficiencies and render it properly functional. But despite Forest River's promises and assurances, it has failed to make the Vehicle function properly in accordance with Forest River's representations and warranties, and the Vehicle remains defective to this day.

51.     The Vehicle's defects and deficiencies have materially impaired its value to Lutheran Home.

52.     After Forest River failed to cure the Vehicle's defects, Lutheran Home revoked acceptance of the Vehicle and demanded that Forest River refund the Vehicle's purchase price.

53.     Despite Lutheran Home's revocation of acceptance of the Vehicle, Forest River has failed and refused to refund Lutheran Home's purchase price.

WHEREFORE, Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, prays this Honorable Court enter judgment in their favor, and against, the Defendant, Forest River Inc., for $254,269 in exchange for return of the Vehicle, along with all incidental and consequential damages, and for any other relief this Court deems just.

## COUNT II
## BREACH OF EXPRESS WARRANTY

54.     Lutheran Home incorporates by reference Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.     Forest River expressly warranted that for a period of one-year or 12,000 miles, whichever occurs first from date of purchase, the Vehicle's body structure would be free of substantial defects in materials and workmanship attributable to Forest River.

56.     Within the Vehicle's warranty period, Lutheran Home informed Forest River that the Vehicle's body was not free of substantial defects in materials and workmanship.

57.     The Vehicle's substantial defects in materials and workmanship are attributable to Forest River.

58.     Although Lutheran Home provided Forest River with reasonable opportunities to cure the Vehicle's defects and deficiencies, Forest River has failed to correct these defects and deficiencies.

11

59.     Forest River has materially breached its warranty with Lutheran Home.

60.     As a direct and proximate result of Forest River's breach of express warranty, Lutheran Home has sustained damages in the amount of $254,269, plus interest, as well as incidental damages.

WHEREFORE, Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, prays this Honorable Court enter judgment in their favor, and against the Defendant, Forest River, Inc., in an amount in excess of $254,269, and for any other relief this Court deems just.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

61.     Lutheran Home incorporates by reference Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.     Forest River impliedly warranted that the Vehicle was fit for the ordinary purposes for which the Vehicle is used.

63.     Forest River also knew the particular purposes for which Lutheran Home required the Vehicle and that Lewis Welding was relying upon Alliance Laser to select appropriate goods.

64.     The Vehicle is unfit for the ordinary purposes for which such goods are used.

65.     As a direct and proximate result of Forest River's breach of express warranty, Lutheran Home has sustained damages in the amount of $254,269, plus interest, as well as incidental damages.

WHEREFORE, Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, prays this Honorable Court enter judgment in

their favor, and against the Defendant, Forest River, Inc., in an amount in excess of $254,269, and for any other relief this Court deems just.

## COUNT IV
## MAGNUSON-MOSS WARRANTY ACT

66.     Lutheran Home incorporates by reference Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67.     The Vehicle is a "consumer product" under the Magnuson-Moss Warranty Act, 15 USC § 2301 et seq., and Lutheran Home is a "consumer" under this Act.

68.     Forest River is a "supplier" of the consumer products to consumers and a "warrantor" under the Act.

69.     Forest River made written and implied warranties regarding the Vehicle within the meaning of the Act.

70.     Forest River violated the Act by failing to comply with the written and implied warranties it made to Lutheran Home.

71.     Lutheran Home has sustained injuries and damages as a result of Forest River's violations of the written and implied warranties.

WHEREFORE, Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, prays this Honorable Court enter judgment in their favor, and against the Defendant, Forest River, Inc., in an amount in excess of $254,269, along with attorney's fees and costs, and for any other relief this Court deems just.

## COUNT V
## FRAUD

72.     Lutheran Home incorporates by reference Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73.     At the time it purchased the Vehicle, Lutheran Home was provided an owner's manual for the Vehicle.  That manual contained the Vehicle's warranty along with the Vehicle's terms and conditions.

74.     In the Vehicle's owner's manual, Forest River represented that the Vehicle underwent a thorough inspection.

75.     As detailed above, Forest River did not undertake a thorough inspection of the Vehicle.  Rather, Forest River, through its team leaders, signed off on the Vehicle's July 2017 production inspection sheet indicating that proper and thorough inspections took place when, in fact, no such inspections took place.

76.     Lutheran Home justifiably relied on the information contained in the owner's manual when purchasing the Vehicle, including Forest River's representation that the Vehicle underwent a thorough inspection.

77.     As a direct and proximate cause of Forest River's misrepresentations, Lutheran Home purchased the Vehicle that contained various defects and deficiencies.

78.     Lutheran Home has sustained injuries and damages as a result of Forest River's misrepresentations.

WHEREFORE, Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, prays this Honorable Court enter judgment in their favor, and against the Defendant, Forest River, Inc., in an amount in excess of $254,269, along with punitive damages, and for any other relief this Court deems just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____
Michael J. Musone, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff,
The Lutheran Home for the Aged d/b/a The
Village at Luther Square d/b/a LIFE-
Northwestern Pennsylvania

# 2092663.v1

*Warranty*

**EXHIBIT**

**A**

## LIMITED WARRANTY MOTORIZED PRODUCTS                    FOREST RIVER INC.
## RECREATIONAL VEHICLES BY FOREST RIVER INC.

Thank you for choosing to purchase a Recreational Vehicle by Forest River Inc., a fine product in which design and construction have received the care that quality demands. This important warranty covers many items and is indicative of our desire to stand behind our products and assure our customers' complete satisfaction. If at any time the need arises to speak with a Forest River representative please find our contact information in our owner's manual or at **www.forestriverinc.com.**

WARRANTY COVERAGE SUMMARY OF WARRANTY: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030 (Warrantor) warrants to the ORIGINAL CONSUMER PURCHASER ONLY, when purchased from an authorized Forest River Inc. dealer, for a period of one (1) year or twelve thousand (12000) miles, whichever occurs first from the date of purchase (Warranty Period), that the body structure of this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to Warrantor.

EXCLUSIONS FROM THIS WARRANTY: Warrantor expressly disclaims any responsibility for damage to the unit where damage is due to condensation, normal wear and tear or exposure to elements. Warrantor makes no warranty with regard to, but not limited to, the chassis including without limitation, any mechanical parts or systems of the chassis, axles, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment. Their respective manufacturers and suppliers may warrant some of these items. Warranty information with respect to these items is available from your dealer.

This recreational vehicle is designed solely for its intended purpose of recreational camping and personal use. Warrantor makes no warranty with regard to any recreational vehicle used for commercial, rental, or business purposes, or any recreational vehicle not registered and regularly used in the United States or Canada. For purposes of this limited warranty, it shall be deemed conclusive evidence of commercial, rental, or business purposes if the recreational vehicle is licensed, titled, registered, or insured in the name of any corporation, LLC, or any other form of business or commercial entity.

LIMITATION AND DISCLAIMER OF WARRANTIES: WARRANTOR EXPRESSLY LIMITS THE DURATION OF ALL EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE EXCEPT IN THOSE STATES THAT DO NOT ALLOW THIS EXCLUSION. WARRANTOR EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD. No action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration of the Warranty Period. There is no warranty of any nature made by the Warrantor beyond that contained in this Warranty. No person has authority to enlarge, amend or modify this Warranty or to bind the Warrantor to any action under this warranty, except the Warrantor.

Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: THE ORIGINAL CONSUMER PURCHASER OF THIS RECREATIONAL VEHICLE AND ANY PERSON TO WHOM THIS UNIT IS TRANSFERRED, AND ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THIS UNIT, SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES.

Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

NOTICE of any dispute or claim arising under this warranty or any applicable Federal or State laws must be sent to Warrantor at: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030

The terms, conditions, rights and responsibilities of this warranty shall be governed by the laws of the State of Indiana notwithstanding any other state laws.

WARRANTOR'S OBLIGATIONS: Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair or replacement. Warranty performance can only be obtained at Warrantor's authorized dealers and service centers and from Warrantor at the discretion of the Warrantor. All costs incurred in transporting this recreational vehicle for warranty service shall be borne by Purchaser. Warrantor shall remedy the defect within a reasonable amount of time after appointment and delivery by Purchaser. All of Warrantor's expenses in remedying the defect shall be borne by the Warrantor.

PURCHASER'S OBLIGATIONS: Purchaser shall deliver this recreational vehicle for warranty service within a reasonable time after discovery of the defect and in no event after expiration of the Warranty Period, which Warranty Period is one (1) year. All expenses incurred by Purchaser in obtaining warranty service shall be borne by Purchaser. Warranty service shall, whenever possible, be scheduled with the selling dealer by an appointment in order to avoid possible delays. Purchaser can, if necessary, obtain a list of persons authorized to perform warranty service by contacting Warrantor at the above address. No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

EVENTS DISCHARGING WARRANTOR FROM OBLIGATION UNDER THIS WARRANTY: Misuse or neglect, including failure to provide reasonable and necessary maintenance, unauthorized alteration, accident, and improper loading, use as a permanent or full time residence, commercial use or leasing of the recreational vehicle, shall discharge Warrantor from any obligation under this Warranty. Notwithstanding these or other terms discharging the Warrantor, the provision of service by a Forest River authorized service center, authorization of repairs by Forest River, or any other attempt to resolve a complaint or request for warranty service shall not constitute a waiver of Warrantor's rights.

PARTS AND DESIGN CHANGES: Warrantor reserves the right to change the parts and design of its recreational vehicle from time to time without notice and with no obligation to maintain spare parts or make corresponding changes in its products previously manufactured.

OBTAINING WARRANTY SERVICE: To ensure your local dealer's personal interest in your complete satisfaction, it is recommended that all warranty service be performed by the authorized dealer from whom you purchased your unit. Following a move or as you are traveling, should warranty service become necessary, such service shall be performed by any authorized dealer in the United States or Canada. Such service shall also, whenever possible, be scheduled by an appointment in order to avoid possible delays.

WARRANTY REGISTRATION: A warranty registration is to be completed by the owner at the time of purchase and returned to the Warrantor. The return of this registration is a condition precedent to warranty coverage; failure to return the completed registration to Warrantor will invalidate this Warranty.

OTHER WARRANTIES: As indicated in the paragraph above, entitled 'Exclusions From This Warranty', certain items that are not covered by this Warranty may be warranted separately by their manufacturers or suppliers. In order to validate those warranties, you may also be required to complete and return to the appropriate manufacturer the warranty forms included with the information package. See those warranties with respect to their terms and conditions. These other warranties may cover such items as chassis, tires, tubes, batteries, optional generators, and appliances, which are not covered by this Limited Warranty. For service or parts required for these products, it may be necessary to write or call the product manufacturer to obtain the nearest authorized service center location. In requesting parts for separately warranted products from the manufacturer of the product or its authorized service center, it may also be necessary to first obtain a warranty work authorization number before the work is done. It may also be necessary to provide the Product Name, Model and Serial Number along with the description of the problem and part needed, plus shipping instructions.

OWNER ASSISTANCE: Your confidence and goodwill are important to Forest River Inc. as is maintaining a pleasant relationship with our dealers. We, at Forest River, recognize that there may be occasions when a warranty or service problem is not handled to your satisfaction. After discussing the situation with the dealership management, if your problem has not been resolved to your satisfaction, we welcome you to contact the Forest River Customer Service Manager at the address listed above. Our recommendations for an agreeable solution will be communicated to the local dealer. Forest River customer service contacts can be found in our owner's manual or by visiting www.forestriverinc.com.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.

Revised 11/7/18

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS<br>) OF ERIE COUNTY, PENNSYLVANIA<br>)<br>) |
| Plaintiff | ) CIVIL ACTION - LAW<br>)<br>) |
| vs. | ) NO. 12019-2019<br>) |
| FOREST RIVER, INC., | )<br>) |
| Defendant. | ) |

## VERIFICATION

On this, 22nd day of January, 2020, Mark J. Gusek, the undersigned, deposes and states that he is Chief Executive Officer of the Plaintiff, The Lutheran Home for the Aged d/b/a The Village at Luther Square d/b/a LIFE-Northwestern Pennsylvania, a corporation, that as such he is authorized to execute this verification on behalf of the corporation, and that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Mark J. Gusek

# 2092663.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE AGED d/b/a THE VILLAGE AT LUTHER SQUARE d/b/a LIFE-NORTHWESTERN PENNSYLVANIA, | ) IN THE COURT OF COMMON PLEAS ) OF ERIE COUNTY, PENNSYLVANIA ) ) |
| Plaintiff | ) CIVIL ACTION - LAW ) ) |
| vs. | ) NO. 12019-2019 ) |
| FOREST RIVER, INC., | ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the __22__ day of January, 2020, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

Timothy R. Smith, Esquire
Julie A. Brennan, Esquire
Pion, Nerone, Girman Winslow & Smith, P.C.
1500 One Gateway Center
420 For Duquesne Boulevard
Pittsburgh, Pennsylvania 15222



Michael J. Musone

# 2092663.v1

| | |
|---|---|
| THE LUTHERAN HOME FOR THE<br>AGED d/b/a THE VILLAGE AT<br>LUTHER SQUARE d/b/a LIFE-<br>NORTHWESTERN PENNSYLVANIA, | )   IN THE COURT OF COMMON PLEAS<br>)   OF ERIE COUNTY, PENNSYLVANIA<br>)<br>) |
| Plaintiff | )   CIVIL ACTION - LAW<br>) |
| vs. | )   NO.  12019-2019<br>) |
| FOREST RIVER, INC., | )<br>) |
| Defendant. | )<br>) |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Michael J. Musone

# 2092663.v1

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE LUTHERAN HOME FOR THE
AGED d/b/a THE VILLAGE AT                        :
LUTHER SQUARE d/b/a LIFE-                        :
NORTHWESTERN PENNSYLVANIA,                       :
     Plaintiff                                 :
                                                :
                                                :
   vs.                                         :   NO. 12019 - 2019
                                                :
FOREST RIVER, INC.,                             :
     Defendant                                 :

### ORDER

     AND NOW, to-wit, this 24th day of January, 2020, after receiving correspondence (Attached as Exhibit A), from Christine Lamary, Litigation Assistant to Michael Musone, Esquire for The Lutheran Home For The Aged d/b/a The Village at Luther Square d/b/a Life Northwestern Pennsylvania, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion To Extend Deadline To File The Complaint originally scheduled for January 27, 2020 at 2:30 p.m. is cancelled and rendered moot.

     BY THE COURT:

     Stephanie Domitrovich,       Judge

cc:  Michael J. Musone, Esquire, 120 West Tenth Street, Erie, PA  16501
     Julie A. Brennan, Esquire, 1500 One Gateway Center, 420 Fort Duquesne Boulevard,
        Pittsburgh, PA   15222

## IMPORTANT NOTICE:

**AMERICANS WITH DISABILITIES ACT OF 1990** – The Court of Common Pleas of Erie County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court's ADA Coordinator at Erie County Court of Common Pleas, 140 West Sixth Street, Room 205, Erie, PA  16501-1030, Phone (814) 451-6308, TDD (814) 451-6237, E-mail courtadacoordinator@eriecountypa.gov  Requests should be made as soon as possible or at least three business days prior to any hearing or business before the Court.

**EXHIBIT**

A 26

**Sydow, Wendy**

| | |
|---|---|
| **From:** | Lamary, Christina <clamary@kmgslaw.com> |
| **Sent:** | Thursday, January 23, 2020 8:50 AM |
| **To:** | Sydow, Wendy |
| **Cc:** | Musone, Michael |
| **Subject:** | The Lutheran Home for the Aged v. Forest River 2019-12019 |

Ms. Sydow:

A hearing/argument on Plaintiff's Motion to Extend Deadline to File Complaint is scheduled before Judge Domitrovich in the above-referenced matter on January 27, 2020. Plaintiff's counsel filed the Complaint in the above matter on January 22, 2020, therefore an extension is no longer needed. Plaintiff's counsel wishes to cancel the hearing/argument scheduled on January 27, 2020.

If you need anything further please let me know.

Thank you.

**Christina Lamary,** Litigation Assistant
Neal R. Devlin and Michael J. Musone
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street, Erie, PA 16501-1461
814-923-4902   814-453-4530 (fax)
clamary@kmgslaw.com
Erie • North East • Pittsburgh • Jamestown, NY
www.kmgslaw.com



The contents of this email and any attachments are intended for the named recipient(s) only and may be confidential and/or privileged. Copying, retransmission, disclosure or use by others is prohibited.

