IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE LUTHERAN HOME FOR THE ) <br> AGED d/b/a THE VILLAGE AT ) <br> LUTHER SQUARE, d/b/a LIFE- ) <br> NORTHWESTERN PENNSYLVANIA, ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> FOREST RIVER, INC., ) <br> Defendants. ) | C.A. No. 20-35 Erie <br><br><br><br><br><br> **District Judge Susan Paradise Baxter** <br> **Magistrate Judge Richard A. Lanzillo** |

### MEMORANDUM ORDER

Plaintiff, The Lutheran Home for the Aged, d/b/a The Village at Luther Square, a Pennsylvania nonprofit corporation with a principal place of business in Erie, Pennsylvania, initiated this action in the Court of Common Pleas of Erie County, Pennsylvania, against Defendant Forest River, Inc., an Indiana Corporation with a principal place of business in Elkhart, Indiana. This case was removed to this Court pursuant to a Notice of Removal filed by Defendant on February 11, 2020 [ECF No. 1], and this matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The case was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

This action arises out of Plaintiff's purchase of a recreational vehicle manufactured by Defendant for $254,269.00. Plaintiff's complaint asserts five causes of action: revocation of acceptance (Count I), breach of express warranty (Count II), breach of implied warranty of

merchantability (Count III), violation of Magnuson-Moss Warranty Act (Count IV), and fraud (Count V). On February 18, 2020, Defendant filed a motion to dismiss Counts I and V of the complaint [ECF No. 3].

On May 1, 2020, Magistrate Judge Lanzillo issued a report and recommendation ("R&R") recommending that Defendant's motion to dismiss be granted, and that Counts I and V of the complaint be dismissed [ECF No. 21]. Specifically, Judge Lanzillo recommends that Count I (revocation of acceptance) be dismissed, without prejudice to Plaintiff's right to amend its complaint to restate this claim,[1] and that Count V (fraud) be dismissed, with prejudice, because amendment of this claim would be futile based upon the bar of the gist of the action/economic loss doctrines. The time for filing objections to the R&R expired on May 15, 2020, and no objections have been received from Plaintiff.

Thus, after *de novo* review of the complaint, Defendant's motion to dismiss, and Plaintiff's opposition thereto, together with the report and recommendation filed in this case, the following order is entered:

AND NOW, this 3rd day of June, 2020;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 3] is GRANTED, such that Count I (revocation of acceptance) is DISMISSED, without prejudice to Plaintiff's right to amend such claim to allege facts that may comport with applicable Indiana law, Count V (fraud) is DISMISSED, with prejudice, based upon the bar of the gist of the action/economic loss doctrines. The report and recommendation of Magistrate Judge Lanzillo,

---

[1] In making this recommendation, Judge Lanzillo concluded that Indiana's law on revocation of acceptance applies in this case, a conclusion with which this Court concurs.

issued May 1, 2020 [ECF No. 21], is adopted as the opinion of the Court.

                                                SUSAN PARADISE BAXTER  
                                                United States District Judge

cc:       The Honorable Richard A. Lanzillo  
           United States Magistrate Judge